Marilyn A. Moberg (SBN 126895)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 457-8000
Facsimile    (213) 457-8080
gheyman@reedsmith.com

Richard L. Berkman, Of Counsel/Pro Hac Vice To Be Filed
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2857
Telephone: (215) 994-4000
ichard.berkman@dechert.com

Attorneys for Defendant
BAXTER WORLD TRADE CORPORATION

REED SMITH LLP<br>A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANO MAGNONN BERSANI, an individual, citizen of Brazil,<br><br>        Plaintiff,<br><br>      vs.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; BAXTER INTERNATIONAL, INC., a Delaware corporation, successor to IMMUNO - U.S., INC., a Michigan Corporation; BAXTER WORLD TRADE CORPORATION, a Delaware corporation; ARMOUR PHARMACEUTICAL COMPANY, INC., a Delaware corporation, AVENTIS BEHRING LLC, a Delaware corporation, and AVENTIS INC., a Pennsylvania corporation; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>        Defendants. | Case No. C 07 3760 MEJ<br><br>**DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded |

DOCSLA-15603071.3-GHEYMAN-999995-20001

1    Baxter World Trade Corporation ("Baxter World Trade"), by its
2    undersigned attorneys, denies that it is liable in any way to Plaintiff based on the
3    allegations in the Complaint. Baxter World Trade states that to the extent this
4    Complaint contains allegations directed to "Baxter/Immuno," "Baxter Healthcare
5    Corporation," "Baxter International," "Immuno International A.G.," "Immuno - U.S."
6    or any alleged entity other than Baxter World Trade, either explicitly or otherwise, no
7    answer is required by Baxter World Trade. No response by Baxter World Trade
8    herein shall be deemed a response to allegations directed to "Baxter/Immuno,"
9    "Baxter Healthcare Corporation," "Baxter International," "Immuno International
10    A.G.," "Immuno - U.S." or any other alleged entity. All references to "Baxter" in the
11    Complaint shall be deemed to refer solely to Baxter Healthcare Corporation and its
12    Factor VIII and Factor IX concentrates for purposes of this Answer. Specifically,
13    Baxter World Trade answers Plaintiff's Complaint as follows:

14

15    **I.    Answer to Plaintiff's Introduction**

16

17    1.    To the extent that the allegations of this paragraph constitute legal
18    conclusions and/or are directed to parties other than Baxter World Trade, no response
19    is required. To the extent that these allegations are factual and directed to Baxter
20    World Trade, they are denied. Baxter World Trade did not "manufacture" or process
21    Factor VIII or Factor IX concentrate and did not sell these therapies in Brazil. Baxter
22    World Trade specifically denies that it engaged in any misconduct.

23

24    2.    To the extent that the allegations of this paragraph constitute legal
25    conclusions and/or are directed to parties other than Baxter World Trade, no response
26    is required. To the extent that these allegations are factual and directed to Baxter
27    World Trade, they are denied. Baxter World Trade did not "manufacture" or process
28    Factor VIII or Factor IX concentrates.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

3.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade denies that Factor VIII or Factor IX concentrates are "products."  The remaining factual allegations directed to Baxter World Trade are denied.

4.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, they are denied.

## II.    Answer to Allegations Regarding Jurisdiction and Venue

5.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade and therefore no response is required.

6.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade are denied.  Baxter World Trade had no involvement with donor selection, plasma collection or processing and did not ship factor concentrates to Brazil.  Baxter World Trade specifically denies that it engaged in unlawful, negligent or tortious activity, or that it engaged in a conspiracy or wrongful conduct.

7.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade and therefore no response

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   is required.  Baxter World Trade had no involvement with donor selection, plasma

2   collection or processing and did not ship factor concentrate to Brazil.  The remaining

3   factual allegations directed to Baxter World Trade are denied.  Baxter World Trade

4   specifically denies that it engaged in any unlawful activity.

5

6          8.    Baxter World Trade is without knowledge or information sufficient

7   to form a belief as to the truth of the allegations regarding the willingness of witnesses

8   to travel to the United States and therefore denies them.  The remaining factual

9   allegations directed to Baxter World Trade, if any, are denied.

10

11         9.    The allegations of this paragraph constitute legal conclusions with

12  respect to which no response is required.  To the extent that this paragraph is deemed

13  to include factual allegations, Baxter World Trade is without knowledge or

14  information sufficient to form a belief as to the truth of such allegations and therefore

15  denies them.

16

17         10.   The allegations of this paragraph constitute legal conclusions

18  and/or are directed to parties other than Baxter World Trade and therefore no response

19  is required.  Baxter World Trade specifically denies that it engaged in any unlawful

20  activity.  The remaining factual allegations directed to Baxter World Trade, if any, are

21  denied.

22

23         11.   The allegations of this paragraph constitute legal conclusions

24  and/or are directed to parties other than Baxter World Trade and therefore no response

25  is required from Baxter World Trade.  Baxter World Trade specifically denies that it

26  engaged in unlawful activity.  The remaining factual allegations directed to Baxter

27  World Trade, if any, are denied.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

12.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

## III.    Answer to Allegations Regarding Parties

13.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, they are denied.  By way of further answer, this paragraph purports to reference plaintiff's Preliminary Profile Form.  Baxter World Trade is without knowledge or information sufficient to form a belief as to the truth of the alleged facts relating to Plaintiff's Preliminary Patient Profile Form, and therefore denies them. Baxter World Trade did not sell factor concentrates in Brazil.  Baxter World Trade specifically denies that it engaged in any conspiracy.

14.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The factual allegations directed to Baxter World Trade, if any, are denied. Baxter World Trade did not sell factor concentrates in Brazil.

15.-16.    The allegations of these paragraphs are directed to parties other than Baxter World Trade and therefore no response is required.

17.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  By way of further response, upon information and belief, Baxter World

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Trade admits that Baxter Healthcare Corporation is a Delaware corporation, with its

2  principal place of business in Deerfield, Illinois, and that it is licensed to do business

3  in multiple states, including California.  Baxter World Trade further admits that

4  Baxter Healthcare Corporation has, through its Hyland Division, been engaged in

5  collecting plasma and processing and distributing AHF.    The remaining factual

6  allegations directed to Baxter World Trade, if any, are denied.

7

8        18.    To the extent the allegations of this paragraph constitute legal

9  conclusions and/or are directed to Baxter Healthcare Corporation, Baxter

10 International, Inc., "Immuno" or any entity other than Baxter World Trade, no

11 response is required.  Baxter World Trade admits that it is a Delaware Corporation

12 with its principal place of business in Illinois.  The remaining factual allegations

13 directed to Baxter World Trade, if any, are denied.

14

15        19.    To the extent the allegations of this paragraph constitute legal

16 conclusions and/or are directed to Baxter Healthcare Corporation, Baxter

17 International, Inc., "Immuno - U.S.," or any entity other than Baxter World Trade, no

18 response is required.  Baxter World Trade admits that it maintains an address in

19 Deerfield, Illinois.  All remaining factual allegations directed to Baxter World Trade,

20 if any, are denied.

21

22        20.    The allegations of this paragraph are directed to parties other than

23 Baxter World Trade and therefore no response is required.

24

25        21.    The allegations of this paragraph are directed to parties other than

26 Baxter World Trade and therefore no response is required.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

22.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to any entity other than Baxter World Trade no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade had no involvement with the collection or processing of plasma and it did not sell Factor VIII or Factor IX concentrates in Brazil.  Baxter World Trade makes no response on behalf of "Baxter Healthcare," "Baxter International" or "Immuno."  All responses herein are made solely on behalf of Baxter World Trade.

23.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  Baxter World Trade is without knowledge or information sufficient to form a belief as to the vague and ambiguous term "actions," and therefore allegations based thereon are denied.

## IV.    Answer to Plaintiff's "Factual Allegations Applicable to All Claims"

### A.    Answer to Allegations Regarding Hemophilia and Its Treatment

24.    Baxter World Trade admits that hemophilia is an inherited hemorrhagic condition, the circumstances of which vary from individual to individual. Baxter World Trade is without knowledge or information sufficient to form a belief with respect to the allegations regarding Plaintiff's medical condition and therefore denies them.  This paragraph does not state allegations directed to Baxter World Trade, but rather recites medical facts and information.  Baxter World Trade denies the statements herein to the extent they are inconsistent with the current state of medical and scientific knowledge.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

25.    Baxter World Trade admits that hemophilia is an inherited hemorrhagic condition, the circumstances of which vary from individual to individual. Baxter World Trade specifically denies that it "makes" or processes Factor VIII or Factor IX concentrates or that Factor VIII or Factor IX concentrates are "products." This paragraph does not state allegations directed to Baxter World Trade, but rather recites medical facts and information. Baxter World Trade denies the statements herein to the extent they are inconsistent with the current state of medical and scientific knowledge and/or are inconsistent with the instructions for use which accompany particular therapies.

26.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required. Baxter World Trade admits that the availability of factor concentrate therapies in the late 1960's and/or early 1970's marked a huge advance in the treatment of hemophilia. Baxter World Trade specifically denies that the term "AHF" refers to all factor concentrates or that "AHF" includes Factor IX. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

**B.    Answer to Allegations Regarding Failure to Disclose or Warn**

27.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required. The remaining factual allegations directed to Baxter World Trade, if any, are denied. By way of further answer, Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    28.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter World Trade, no response

3    is required.  This paragraph purports to reference research articles published in the

4    1970s.  Baxter World Trade denies such references to the extent they are inconsistent

5    with the plain meaning of the writings themselves and denies Plaintiff's

6    characterization of the writings.  By way of further answer, Baxter World Trade states

7    that it had no involvement in donor recruitment or plasma collection and it did not

8    process factor concentrates.  Baxter World Trade at all times acted with due care,

9    complied with applicable statutes and regulations, and acted in accordance with the

10    existing state of medical and scientific knowledge.  The remaining factual allegations

11    directed to Baxter World Trade, if any, are denied.

12

13    29.    This paragraph purports to reference research articles published in

14    the 1970s.  Baxter World Trade denies such references to the extent they are

15    inconsistent with the plain meaning of the writings themselves and denies Plaintiff's

16    characterization of the writings.

17

18    30.    To the extent that the allegations of this paragraph constitute legal

19    conclusions and/or are directed to parties other than Baxter World Trade, no response

20    is required.  By way of further answer, Baxter World Trade states that it did not sell

21    factor concentrates to Plaintiff or distribute factor concentrates in Brazil.  Baxter

22    World Trade at all times acted with due care, complied with applicable statutes and

23    regulations and acted in accordance with the existing state of medical and scientific

24    knowledge.  The remaining factual allegations directed to Baxter World Trade, if any,

25    are denied.

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**C.**    **Answer to Allegations Regarding Alleged Recruitment of Donors From High Risk Populations**

31.    This paragraph does not allege any facts directed to Baxter World Trade but rather purports to reference and quote a specific report.  Baxter World Trade denies the allegations of this paragraph to the extent they are inconsistent with the plain meaning of the referenced report.

32.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade had no involvement in any donor recruiting activities.

33.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required. This paragraph purports to reference various studies and reports.  Baxter World Trade denies such references to the extent they are inconsistent with the plain meaning of the documents.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade had no involvement in any donor recruiting activities.

34.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  This paragraph purports to reference and quote a specific report.  Baxter World Trade denies such references to the extent they are inconsistent with the plain meaning of the report.  The remaining factual allegations directed to Baxter World

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  Trade, if any, are denied.  By way of further answer, Baxter World Trade had no

2  involvement in any donor recruiting activities.

3

4          35.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required.  This paragraph purports to reference and quote a specific report the

7  accuracy and authenticity of which is not known to Baxter World Trade and Baxter

8  World Trade therefore denies the allegations regarding such report.  The remaining

9  factual allegations directed to Baxter World Trade, if any, are denied.  By way of

10 further answer, Baxter World Trade had no involvement with any donor recruiting

11 activities.

12

13         36.    To the extent that the allegations of this paragraph constitute legal

14 conclusions and/or are directed to parties other than Baxter World Trade, no response

15 is required.  The remaining factual allegations directed to Baxter World Trade, if any,

16 are denied.  By way of further answer, Baxter World Trade had no involvement in any

17 donor recruiting activities and did not process factor concentrates or any plasma based

18 therapies.

19

20         37.    To the extent that the allegations of this paragraph constitute legal

21 conclusions and/or are directed to parties other than Baxter World Trade, no response

22 is required.  The remaining factual allegations directed to Baxter World Trade, if any,

23 are denied.  By way of further answer, Baxter World Trade had no involvement in any

24 donor recruiting activities and did not process factor concentrates or any plasma based

25 therapies.

26

27         38.    To the extent that the allegations of this paragraph constitute legal

28 conclusions and/or are directed to parties other than Baxter World Trade, no response

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   is required.  The remaining factual allegations directed to Baxter World Trade, if any,

2   are denied.  By way of further answer, Baxter World Trade had no involvement in any

3   donor recruiting activities and did not process factor concentrates or any plasma based

4   therapies.

5

6          39.    To the extent that the allegations of this paragraph constitute legal

7   conclusions and/or are directed to parties other than Baxter World Trade, no response

8   is required.  The remaining factual allegations directed to Baxter World Trade, if any,

9   are denied.  By way of further answer, Baxter World Trade had no involvement in any

10  donor recruiting activities and did not process factor concentrates or any plasma based

11  therapies.

12

13         40.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter World Trade, no response

15  is required.  The remaining factual allegations directed to Baxter World Trade, if any,

16  are denied.  By way of further answer, Baxter World Trade had no involvement in any

17  donor recruiting activities and did not process factor concentrates or any plasma based

18  therapies.

19

20         41.    The allegations of this paragraph constitute legal conclusions

21  and/or are directed to parties other than Baxter World Trade, and therefore no

22  response is required.  The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied.  By way of further answer, Baxter World Trade had no

24  involvement in any donor recruiting activities and specifically denies "concealing"

25  anything.

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### D.    Answer to Plaintiff's Allegation Regarding HBc Testing

42.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade had no involvement in any donor selection activities.

43.    The allegations of this paragraph are denied.

44.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade had no involvement in any donor selection activities.

45.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  Baxter World Trade is without knowledge or information sufficient to form a belief as to the source of Plaintiff's and other alleged hemophiliacs' "AIDS" and Hepatitis C infections and therefore denies such allegations.  In any event, Baxter World Trade had no involvement in plasma collection or testing and did not sell factor concentrates in Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

46.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  By way of further response, Baxter World Trade had no involvement in

DOCSLA-15603071.3-GHEYMAN-999995-20001
DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   donor selection and was not a "plasma fractionator." The remaining factual

2   allegations directed to Baxter World Trade, if any, are denied.

3

4          47.    To the extent that the allegations of this paragraph constitute legal

5   conclusions and/or are directed to parties other than Baxter World Trade, no response

6   is required. Baxter World Trade did not collect, test or process plasma into factor

7   concentrates. It had no involvement in the activities alleged in this paragraph. The

8   remaining factual allegations directed to Baxter World Trade, if any, are denied.

9

10         48.    To the extent that the allegations of this paragraph constitute legal

11  conclusions and/or are directed to parties other than Baxter World Trade, no response

12  is required. Baxter World Trade had no involvement with plasma testing or the other

13  activities alleged in this paragraph. The remaining factual allegations directed to

14  Baxter World Trade, if any, are denied. By way of further answer, Baxter World

15  Trade specifically denies that it ever conspired with anyone to do anything. Baxter

16  World Trade further explicitly denies that it participated in any "delaying tactic" and

17  further denies that it participated in the preparation of any other defendant's internal

18  documents or adopted the representations in such documents as its own.

19

20  **E.    Answer to Plaintiff's Allegations Regarding Heat Treatment and**

21  **Solvent Detergent**

22

23         49.    To the extent that the allegations of this paragraph constitute legal

24  conclusions and/or are directed to parties other than Baxter World Trade, no response

25  is required. To the extent that these allegations are factual and directed to Baxter

26  World Trade, Baxter World Trade admits that in the late 1970's and early 1980's

27  hepatitis was recognized as the sole known viral pathogen transmissible via Factor

28  VIII and Factor IX. By way of further answer, Baxter World Trade states that it did

DOCSLA-15603071.3-GHEYMAN-999995-20001

1  not engage in research and/or development and did not process factor concentrates.

2  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

3

4          50.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required. This paragraph purports to reference and quote various reports and

7  documents the accuracy and authenticity of which are not known to Baxter World

8  Trade and Baxter World Trade therefore denies the allegations related to them. Baxter

9  World Trade admits that, unlike factor concentrate, albumin could be readily heated.

10  Upon information and belief, Baxter World Trade further admits that Baxter

11  Healthcare Corporation's heat-treated factor concentrate was licensed in 1983. Baxter

12  World Trade is without knowledge or information sufficient to form a belief as to

13  when "HIV-safe" factor concentrates were "universally" used and therefore denies

14  such allegations. By way of further answer, Baxter World Trade states that it did not

15  engage in research and/or development and did not process factor concentrates. The

16  remaining factual allegations directed to Baxter World Trade, if any, are denied.

17

18          51.    To the extent that the allegations of this paragraph constitute legal

19  conclusions and/or are directed to parties other than Baxter World Trade, no response

20  is required. By way of further answer, Baxter World Trade states that it did not

21  engage in research and/or development and did not process factor concentrates. The

22  remaining factual allegations directed to Baxter World Trade, if any, are denied.

23

24          52.    To the extent that the allegations of this paragraph constitute legal

25  conclusions and/or are directed to parties other than Baxter World Trade, no response

26  is required. Baxter World Trade specifically denies that solvent detergents were well

27  known or commercially available for use in factor concentrates in the 1970's or that

28  peer review articles addressed solvent detergents in factor concentrates at that time.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   By way of further answer, Baxter World Trade states that it did not engage in research

2   and/or development and did not process factor concentrates. The remaining factual

3   allegations directed to Baxter World Trade, if any, are denied.

4

5        53.    To the extent that the allegations of this paragraph constitute legal

6   conclusions and/or are directed to parties other than Baxter World Trade, no response

7   is required. By way of further answer, Baxter World Trade states that it did not

8   engage in research and/or development and did not process factor concentrates. The

9   remaining factual allegations directed to Baxter World Trade, if any, are denied.

10  Baxter World Trade specifically denies that Dr. Shanbrom ever approached Baxter

11  World Trade and specifically denies any wrongdoing.

12

13       54.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter World Trade, no response

15  is required. The remaining factual allegations directed to Baxter World Trade, if any,

16  are denied.

17

18       55.    To the extent that the allegations of this paragraph constitute legal

19  conclusions and/or are directed to parties other than Baxter World Trade, no response

20  is required. Upon information and belief, Baxter World Trade admits that in 1984,

21  Drs. Prince and Horowitz published an article about a solvent and a detergent. The

22  remaining factual allegations directed to Baxter World Trade, if any, are denied.

23

24       56.    To the extent the allegations of this paragraph constitute legal

25  conclusions and/or are directed to parties other than Baxter World Trade, no response

26  is required. All remaining factual allegations directed to Baxter World Trade, if any,

27  are denied.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

57.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  By way of further answer, Baxter World Trade states that it did not engage in research and/or development and was not a factor concentrate processor. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

58.    This paragraph does not include allegations directed to Baxter World Trade but rather purports to recite medical and scientific information.  Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge.  This paragraph further purports to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotation and further denies Plaintiff's characterization of the quotation.

59.-60.    These paragraphs do not include allegations directed to Baxter World Trade but rather purport to recite medical and scientific information. Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge.  These paragraphs further purport to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotations.

61.    This paragraph does not include allegations directed to Baxter World Trade but rather purports to recite medical and scientific information.  Baxter World Trade denies such statements to the extent they are inconsistent with the state of medical and scientific knowledge.  This paragraph further purports to quote a published article, the accuracy and authenticity of which are not known to Baxter World Trade, and Baxter World Trade therefore denies such quotation and further denies Plaintiff's characterization of the quotation.

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

DOCSLA-15603071.3-GHEYMAN-999995-20001

1        62.    To the extent that the allegations of this paragraph constitute legal

2    conclusions and/or are directed to parties other than Baxter World Trade, no response

3    is required. This paragraph purports to reference certain undated CDC information

4    and makes allegations regarding the CDC's state of mind. The identity, accuracy and

5    authenticity of such CDC information, as well as the CDC's state of mind in allegedly

6    publishing it are unknown to Baxter World Trade and Baxter World Trade therefore

7    denies all allegations regarding this CDC information. Baxter World Trade further

8    states that it is unaware of any "large-scale recall of dry-heated product." The

9    remaining factual allegations directed to Baxter World Trade, if any, are denied.

10

11        63.    To the extent that the allegations of this paragraph constitute legal

12    conclusions and/or are directed to parties other than Baxter World Trade, no response

13    is required. By way of further answer, Baxter World Trade states that it did not

14    engage in research and/or development and was not a factor concentrate processor.

15    The remaining factual allegations directed to Baxter World Trade, if any, are denied.

16

17    **F.**    **Answer to Allegations Regarding Shipment of Non-Heat Treated**

18        **Factor Concentrate Abroad**

19

20        64.    To the extent the allegations of this paragraph constitute legal

21    conclusions and/or are directed to parties other than Baxter World Trade, no response

22    is required. The remaining factual allegations directed to Baxter World Trade, if any,

23    are denied. Baxter World Trade is aware of no entity known as "Baxter/Immuno" (or

24    any therapies processed during the relevant period by such an entity) and makes no

25    answer on behalf of such alleged "defendant."

26

27        65.    To the extent the allegations of this paragraph constitute legal

28    conclusions and/or are directed to a party other than Baxter World Trade, no response

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1 is required. By way of further answer, this paragraph purports to reference certain

2 internal Cutter documents. Baxter World Trade is without knowledge or information

3 sufficient to form a belief as to the identity, accuracy or authenticity of these

4 documents and therefore denies the allegations regarding them. The remaining

5 allegations directed to Baxter World Trade, if any, are denied.

6

7        66.    The allegations of this paragraph constitute legal conclusions

8 and/or are directed to a party other than Baxter World Trade, and therefore no

9 response is required. By way of further answer, this paragraph purports to reference

10 and quote a certain internal Cutter document. Baxter World Trade is without

11 knowledge or information sufficient to form a belief as to the identity, accuracy or

12 authenticity of such document and therefore denies the allegations regarding it. The

13 remaining allegations directed to Baxter World Trade, if any, are denied.

14

15        67.    To the extent the allegations of this paragraph constitute legal

16 conclusions and/or are directed to parties other than Baxter World Trade, no response

17 is required. By way of further answer, this paragraph purports to reference certain

18 unidentified records. Baxter World Trade is without knowledge or information

19 sufficient to form a belief as to the identity, accuracy or authenticity of these

20 documents and therefore denies the allegations regarding them. The remaining factual

21 allegations directed to Baxter World Trade, if any, are denied.

22

23        68.    To the extent the allegations of this paragraph constitute legal

24 conclusions and/or are directed to parties other than Baxter World Trade, no response

25 is required. By way of further answer, this paragraph purports to reference and

26 interpret a purported CDC report. Baxter World Trade is without knowledge or

27 information sufficient to form a belief as to the identity, accuracy or authenticity of

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  such report and therefore denies the allegations regarding it.  The remaining factual

2  allegations directed to Baxter World Trade, if any, are denied.

3

4          69.    To the extent the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter World Trade, no response

6  is required.  By way of further response, this paragraph purports to reference and

7  interpret a purported CDC report.  Baxter World Trade is without knowledge or

8  information sufficient to form a belief as to the identity, accuracy and authenticity of

9  such report and therefore denies the allegations regarding it.  The remaining factual

10 allegations directed to Baxter World Trade, if any, are denied.

11

12         70.    To the extent the allegations of this paragraph are directed to parties

13 other than Baxter World Trade, no response is required.  The remaining factual allegations

14 directed to Baxter World Trade, if any, are denied.

15

16 **G.    Answer to Allegations of Misrepresentation and Fraudulent**

17    **Concealment**

18

19         71.    To the extent that the allegations of this paragraph constitute legal

20 conclusions and/or are directed to parties other than Baxter World Trade, no response

21 is required.  The remaining factual allegations directed to Baxter World Trade, if any,

22 are denied.  Baxter World Trade specifically denies misrepresenting or fraudulently

23 concealing anything.

24

25         72.    To the extent that the allegations of this paragraph constitute legal

26 conclusions and/or are directed to parties other than Baxter World Trade, no response

27 is required.  The remaining factual allegations directed to Baxter World Trade, if any,

28 are denied.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

73.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

74.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

75.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.

76.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade admits that a meeting of the National Hemophilia Foundation occurred on January 14, 1983 but denies that any Baxter World Trade representative attended such meeting.  By way of further response, Baxter World Trade states that it was not involved in "R and D" and did not collect, test or process plasma into factor concentrates.  The remaining factual allegations directed to Baxter World Trade are denied.

77.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  By way of further response, Baxter World Trade denies that any Baxter World Trade representative attended the January 14, 1983 meeting which is the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  subject of this paragraph and further denies that it had any involvement with plasma

2  procurement issues.  The remaining factual allegations directed to Baxter World

3  Trade, if any, are denied.

4

5      78.    The allegations of this paragraph constitute legal conclusions

6  and/or are directed to parties other than Baxter World Trade, and thus no response is

7  required.  By way of further response, Baxter World Trade states that it did not

8  collect, test or process plasma into factor concentrates.  The remaining factual

9  allegations directed to Baxter World Trade, if any, are denied.

10

11     79.    The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required.  The remaining factual allegations directed to Baxter World

14  Trade, if any, are denied.  By way of further answer, Baxter World Trade at all times

15  acted with due care, complied with applicable statutes and regulations, and acted in

16  accordance with the existing state of medical and scientific knowledge.

17

18     80.    The allegations of this paragraph constitute legal conclusions

19  and/or are directed to parties other than Baxter World Trade, and therefore no

20  response is required.  Baxter World Trade did not collect, test or process plasma into

21  factor concentrates.  By way of further answer, Baxter World Trade specifically

22  denies that it engaged in any fraudulent activities.  All remaining factual allegations

23  directed to Baxter World Trade, if any, are denied.

24

25  **H.    Answer to Allegations Regarding Federal Regulations**

26

27     81.    The allegations of this paragraph, including all of its subparts,

28  constitute legal conclusions and therefore no response is required.  Further, this

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 paragraph, including its subparts, purports to quote provisions of the United States

2 Code. Baxter World Trade denies any quotations, or portions thereof, which are not

3 in conformity with the exact language of the referenced statute and, in any event,

4 denies Plaintiff's characterization of such language.

5

6         82.-87.     The allegations of these paragraphs constitute legal

7 conclusions and therefore no response is required. Further, these paragraphs purport

8 to quote provisions of the Code of Federal Regulations. Baxter World Trade denies

9 any quotations, or portions thereof, which are out of conformity with the exact

10 language of the referenced regulation. Moreover, Baxter World Trade is without

11 knowledge or information sufficient to form a belief as to what times Plaintiff believes

12 are "material to this Complaint" and therefore denies the allegations of these

13 paragraphs on that basis and, in any event, Baxter World Trade denies Plaintiff's

14 characterization of such language.

15

16         88.     The allegations of this paragraph constitute legal conclusions

17 and/or are directed to parties other than Baxter World Trade, and therefore no

18 response is required. The remaining factual allegations directed to Baxter World

19 Trade, if any, are denied. By way of further answer, Baxter World Trade specifically

20 states that it at all times acted with due care, complied with applicable statutes and

21 regulations, and acted in accordance with the existing state of medical and scientific

22 knowledge.

23

24 **I.**      **Answer to Allegations Regarding Conspiracy, Concert of Action and**

25        **Group Liability**

26

27         89.     The allegations of this paragraph constitute legal conclusions

28 and/or are directed to parties other than Baxter World Trade, and therefore no

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    response is required.  The remaining factual allegations directed to Baxter World

2    Trade, if any, are denied.

3

4            90.    To the extent that the allegations of this paragraph constitute legal

5    conclusions and/or are directed to parties other than Baxter World Trade, no response

6    is required.  The remaining factual allegations directed to Baxter World Trade, if any,

7    are denied.

8

9            91.    To the extent the allegations of this paragraph constitute legal

10   conclusions and/or are directed to parties other than Baxter World Trade, no response

11   is required.  The remaining factual allegations directed to Baxter World Trade, if any,

12   are denied.

13

14           92.    To the extent that the allegations of this paragraph constitute legal

15   conclusions and/or are directed to parties other than Baxter World Trade, no response

16   is required.  By way of further answer, Baxter World Trade states that it had no

17   involvement in donor recruiting or screening and it did not process factor

18   concentrates.  The remaining factual allegations directed to Baxter World Trade, if

19   any, are denied.

20

21           93.    To the extent that the allegations of this paragraph constitute legal

22   conclusions and/or are directed to parties other than Baxter World Trade, no response

23   is required.  The remaining factual allegations directed to Baxter World Trade, if any,

24   are denied.  By way of further answer, Baxter World Trade at all times acted with due

25   care, complied with applicable statutes and regulations, and acted in accordance with

26   the existing state of medical and scientific knowledge.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

94. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade states that it did not participate in a January 6, 1983 PMA meeting. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

95. To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required. To the extent that these allegations are factual and directed to Baxter World Trade, Baxter World Trade states that it was not involved in plasma testing issues and did not participate in the meeting referenced in this paragraph. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

96. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter World Trade, they are denied.

97. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required. Baxter World Trade did not sell factor concentrates in Brazil. The remaining factual allegations directed to Baxter World Trade, if any, are denied.

98. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required. By way of further response, Baxter World Trade states that it did not collect plasma, process it into factor concentrates or sell factor concentrates in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

2    denied.

3

4        99.    The allegations of this paragraph constitute legal conclusions

5    and/or are directed to parties other than Baxter World Trade, and therefore no

6    response is required.  By way of further response, Baxter World Trade states that it

7    did not collect plasma, process it into factor concentrates or sell factor concentrates in

8    Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

9    denied.

10

11        100.   The allegations of this paragraph constitute legal conclusions

12    and/or are directed to parties other than Baxter World Trade, and therefore no

13    response is required.  By way of further response, Baxter World Trade states that it

14    did not collect plasma, process it into factor concentrates or sell factor concentrates in

15    Brazil.  The remaining factual allegations directed to Baxter World Trade, if any, are

16    denied.

17

18        101.   To the extent that the allegations of this paragraph constitute legal

19    conclusions and/or are directed to parties other than Baxter World Trade, no response

20    is required.  By way of further response, Baxter World Trade states that it did not

21    collect plasma or process it into factor concentrates.  The remaining factual allegations

22    directed to Baxter World Trade, if any, are denied.

23

24        102.   The allegations of this paragraph constitute legal conclusions

25    and/or are directed to parties other than Baxter World Trade, and therefore no

26    response is required.  To the extent that these allegations are factual and directed to

27    Baxter World Trade, Baxter World Trade states that it did not collect plasma or

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1   process it into factor concentrates.  The remaining factual allegations directed to

2   Baxter World Trade, if any, are denied.

3

4          103.   To the extent that the allegations of this paragraph constitute legal

5   conclusions and/or are directed to parties other than Baxter World Trade, no response

6   is required.  To the extent that these allegations are factual and directed to Baxter

7   World Trade, Baxter World Trade states that it did not collect plasma or process it into

8   factor concentrates.  The remaining factual allegations directed to Baxter World

9   Trade, if any, are denied.

10

11  **V.     Answer to Allegations Regarding Tolling of Applicable Statutes of**

12         **Limitations**

13

14         104.   The allegations of this paragraph constitute legal conclusions

15  and/or are directed to parties other than Baxter World Trade, and therefore no

16  response is required.  The remaining factual allegations directed to Baxter World

17  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

18  denies any acts of fraudulent conduct, concealment or misrepresentation.

19

20         105.   The allegations of this paragraph constitute legal conclusions

21  and/or are directed to parties other than Baxter World Trade, and therefore no

22  response is required.  The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically

24  denies any acts of fraudulent conduct, concealment or misrepresentation.

25

26         106.   The allegations of this paragraph constitute legal conclusions

27  and/or are directed to parties other than Baxter World Trade, and therefore no

28  response is required.  The remaining factual allegations directed to Baxter World

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Trade, if any, are denied.  Baxter World Trade states that it did not sell factor

2    concentrates in Brazil.  By way of further answer, Baxter World Trade specifically

3    denies any acts of fraudulent conduct, concealment or misrepresentation.

4

5    **VI.    Answer to Allegations Regarding Claims For Relief**

6

7    **A.    Answer to Plaintiff's First Claim - Fraudulent Omission and**

8    **Concealment**

9

10    107.    Baxter World Trade incorporates by reference its responses to all

11    preceding paragraphs as if fully set forth herein and further answers as follows:

12

13    108.    The allegations of this paragraph constitute legal conclusions

14    and/or are directed to parties other than Baxter World Trade, and therefore no

15    response is required.  By way of further answer, Baxter World Trade states that it had

16    no involvement in plasma collection, did not process factor concentrates and did not

17    sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

18    allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade at

19    all times acted with due care, complied with applicable statutes and regulations, and

20    acted in accordance with the existing state of medical and scientific knowledge.

21

22    109.    The allegations of this paragraph constitute legal conclusions

23    and/or are directed to parties other than Baxter World Trade, and therefore no

24    response is required.  By way of further answer, Baxter World Trade states that it had

25    no involvement in plasma collection, did not process factor concentrates and did not

26    sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

27    allegations directed to Baxter World Trade, if any, are denied.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 28 -    DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

110.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically denies that it sold factor concentrates in Brazil and denies that it fraudulently or intentionally concealed any information from Plaintiff.  Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.

111.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  By way of further answer, Baxter World Trade specifically denies that it sold factor concentrates in Brazil and denies that it fraudulently or intentionally concealed any information from Plaintiff.  Baxter World Trade at all times acted with due care, complied with applicable statutes and regulations, and acted in accordance with the existing state of medical and scientific knowledge.

112.   To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  By way of further answer, Baxter World Trade specifically denies that it concealed any information from anyone.

113.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  By way of further answer, Baxter World Trade states that it had no involvement in plasma collection, did not process factor concentrates and did not sell factor concentrates in Brazil, where Plaintiff resides.  The remaining factual

DOCSLA-15603071.3-GHEYMAN-999995-20001

1   allegations directed to Baxter World Trade, if any, are denied. Baxter World Trade at

2   all times acted with due care, complied with applicable statutes and regulations, and

3   acted in accordance with the existing state of medical and scientific knowledge.

4

5          114.   The allegations of this paragraph constitute legal conclusions

6   and/or are directed to parties other than Baxter World Trade, and therefore no

7   response is required. The remaining factual allegations directed to Baxter World

8   Trade, if any, are denied. By way of further answer, Baxter World Trade states that it

9   did not sell factor concentrates in Brazil where Plaintiff resides.

10

11         115.   The allegations of this paragraph constitute legal conclusions

12  and/or are directed to parties other than Baxter World Trade, and therefore no

13  response is required. The remaining factual allegations directed to Baxter World

14  Trade, if any, are denied. By way of further answer, Baxter World Trade states that it

15  did not sell factor concentrates in Brazil where Plaintiff resides. Baxter World Trade

16  specifically denies that it has engaged in any malicious, intentional, outrageous,

17  willful or wanton conduct or that Plaintiff was injured by any acts or omissions of

18  Baxter World Trade.

19

20         116.   The allegations of this paragraph are either legal conclusions, or

21  are statements not directed to any defendant, and therefore no response is required

22  from Baxter World Trade. The remaining factual allegations directed to Baxter World

23  Trade, if any, are denied.

24

25  **B.     Answer to Plaintiff's Second Claim -  Breach of Implied Warranty**

26

27         117.   Baxter World Trade incorporates by reference its responses to all

28  preceding paragraphs as if fully set forth herein and further answers as follows:

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    118.   To the extent that the allegations of this paragraph constitute legal
2    conclusions and/or are directed to another defendant, no response is required from
3    Baxter World Trade.  By way of further response, Baxter World Trade states that it
4    did not develop factor concentrates and has never processed them.  Moreover, Baxter
5    World Trade did not distribute or sell factor concentrates in Brazil.  The remaining
6    factual allegations directed to Baxter World Trade, if any, are denied.

7

8    119.   The allegations of this paragraph constitute legal conclusions
9    and/or are directed to parties other than Baxter World Trade, and therefore no
10   response is required.  Baxter World Trade denies that factor concentrates are
11   "products."  The remaining factual allegations directed to Baxter World Trade, if any,
12   are denied.

13

14   **C.    Answer to Plaintiff's Third Claim - Negligence**

15

16   120.   Baxter World Trade incorporates by reference its responses to all
17   preceding paragraphs as if fully set forth herein and further answers as follows:

18

19   121.   The allegations of this paragraph constitute legal conclusions
20   and/or are directed to parties other than Baxter World Trade, and therefore no
21   response is required.  Baxter World Trade specifically denies that it sold factor
22   concentrates in Brazil.  To the extent that this paragraph is deemed to include any
23   remaining factual allegations directed to Baxter World Trade, they are denied.

24

25   122.   The allegations of this paragraph constitute legal conclusions
26   and/or are directed to parties other than Baxter World Trade, and therefore no
27   response is required.  By way of further answer, Baxter World Trade at all times acted
28   with due care, complied with applicable statutes and regulations, and acted in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 31 -

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1 accordance with the existing state of medical and scientific knowledge. To the extent

2 that this paragraph is deemed to include any remaining factual allegations directed to

3 Baxter World Trade, they are denied.

4

5      123.   The allegations of this paragraph and all of its subparts constitute

6 legal conclusions and/or are directed to parties other than Baxter World Trade, and

7 therefore no response is required. By way of further answer, Baxter World Trade at

8 all times acted with due care, complied with applicable statutes and regulations, and

9 acted in accordance with the existing state of medical and scientific knowledge. To

10 the extent that this paragraph is deemed to include any remaining factual allegations

11 directed to Baxter World Trade, they are denied.

12

13      124.   The allegations of this paragraph constitute legal conclusions

14 and/or are directed to parties other than Baxter World Trade, and therefore no

15 response is required. The remaining factual allegations directed to Baxter World

16 Trade, if any, are denied.

17

18      125.   The allegations of this paragraph constitute legal conclusions

19 and/or are directed to parties other than Baxter World Trade, and therefore no

20 response is required. The remaining factual allegations directed to Baxter World

21 Trade, if any, are denied. Baxter World Trade specifically denies that it was negligent

22 or that Plaintiff was injured or suffered damages as a result of a wrongful act or

23 omission by Baxter World Trade.

24

25      126.   The allegations of this paragraph constitute legal conclusions

26 and/or are directed to parties other than Baxter World Trade, and therefore no

27 response is required.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

127.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade had no involvement in the conduct alleged in this Complaint and did not sell factor concentrate to Brazil.

**D.    Answer to Plaintiff's Fourth Claim - Negligence Per Se**

128.   Baxter World Trade incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

129.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

130.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.

131.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.

132.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

133.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter World Trade, and therefore no response is required.  The remaining factual allegations directed to Baxter World Trade, if any, are denied.  Baxter World Trade did not collect, test or process plasma into factor concentrates.  Nor did Baxter World Trade ever sell factor concentrates in Brazil where Plaintiff resides.  Baxter World Trade specifically denies that its conduct was malicious, intentional, outrageous, willful or wanton or that Plaintiff was injured or suffered damages as a result of a wrongful act or omission by Baxter World Trade.

## VII.  ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Baxter World Trade having fully answered, requests that this Court enter a judgment in its favor and against Plaintiff, and award Baxter World Trade its costs and expenses, including attorneys' fees in this matter, and grant such other relief as the Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Baxter World Trade upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused by the negligence, fault, or other culpable conduct of persons other than Baxter World Trade and over whom Baxter World Trade had no control and for which matters Baxter World Trade bears no legal responsibility.

- 34 -

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

2

### THIRD AFFIRMATIVE DEFENSE

3       At all relevant times, Baxter World Trade acted in conformity with the

4  existing state of medical and scientific knowledge, common and accepted procedure in

5  the medical field, and state of the art in the distribution of factor concentrates.

6

### FOURTH AFFIRMATIVE DEFENSE

7

8

9       The state of scientific and technical knowledge at the time when the

10  therapy was put into circulation was not such as to enable Baxter World Trade to

11  know the existence of the alleged defect, if any, or discover it.

12

### FIFTH AFFIRMATIVE DEFENSE

13

14

15       Plaintiff's claims are barred, in whole or in part, by the applicable

16  statutes of limitation and/or statutes of repose.

17

### SIXTH AFFIRMATIVE DEFENSE

18

19

20       Plaintiff's claims are barred, in whole or in part, by the learned

21  intermediary doctrine.

22

### SEVENTH AFFIRMATIVE DEFENSE

23

24

25       Plaintiff's claims are barred, in whole or in part, by the doctrines of

26  laches, waiver and/or estoppel.

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrines concerning unavoidably unsafe therapeutics under the Restatement (Second) of Torts: Product Liability §402A and comments thereto and/or Restatement (Third) of Torts: Products Liability §6 and comments thereto.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred or subject to reduction by the doctrines of contributory negligence or comparative fault. Accordingly, any recovery must be diminished to the extent of a finding of contributory negligence and/or comparative fault against him.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was warned of and/or assumed the risk, if any, related to the use of factor concentrates.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, knowing the nature and properties of factor concentrates, consented to their use, and accordingly Baxter World Trade cannot be held liable.

## TWELFTH AFFIRMATIVE DEFENSE

At all relevant times, Baxter World Trade's conduct was in compliance with all applicable federal statutes and regulations, which preempt and bar the

DOCSLA-15603071.3-GHEYMAN-999995-20001

1    Plaintiff's claims, in whole or in part, by operation of the Supremacy Clause of the

2    United States Constitution.

3

4                **THIRTEENTH AFFIRMATIVE DEFENSE**

5

6         At all relevant times, Baxter World Trade's conduct was in compliance

7    with applicable foreign regulations issued by the applicable foreign authorities, and

8    Plaintiff's recovery against Baxter World Trade is therefore barred.

9

10             **FOURTEENTH AFFIRMATIVE DEFENSE**

11

12         Plaintiff has failed to join parties necessary and/or indispensable to a just

13    adjudication of this lawsuit.

14

15                **FIFTEENTH AFFIRMATIVE DEFENSE**

16

17         The alleged injuries of Plaintiff were the result of unavoidable

18    circumstances, which could not have been prevented by anyone.

19

20               **SIXTEENTH AFFIRMATIVE DEFENSE**

21

22         Plaintiff's injuries or damages, if any, were proximately caused by an

23    intervening or superseding cause, and Plaintiff's recovery against Baxter World Trade

24    is therefore barred.

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

3       The Complaint fails to allege any cause of action which would entitle

4   Plaintiff to exemplary or punitive damages under the applicable and/or governing law.

5

6   ## EIGHTEENTH AFFIRMATIVE DEFENSE

7

8       Plaintiff's demands for exemplary and punitive damages are barred

9   because any award of such damages would violate the due process clauses of the Fifth

10  and Fourteenth Amendments to the United States Constitution by allowing

11  standardless discretion to the jury to determine punishment and by depriving Baxter

12  World Trade of prior notice of the consequences of its alleged acts.

13

14  ## NINETEENTH AFFIRMATIVE DEFENSE

15

16      With respect to Plaintiff's demand for punitive damages, Baxter

17  specifically incorporates by reference all standards of limitations regarding the

18  determination and enforceability of punitive damages awards which arose in the

19  decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper

20  Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mut.

21  Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v.

22  Williams, 127 S.Ct. 1057 (2007).  To the extent Plaintiff's demand for punitive

23  damages are governed by foreign law, punitive damages are not available to Plaintiff

24  under applicable and/or governing law.

25

26

27

28

DOCSLA-15603071.3-GHEYMAN-999995-20001

## TWENTIETH AFFIRMATIVE DEFENSE

Punitive damages are a punishment, a quasi-criminal sanction for which Baxter World Trade has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege a cause of action that would entitle Plaintiff to attorneys' fees or costs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to give timely notice of his breach of warranty claims, if any, and therefore are precluded from recovery.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to mitigate damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims rest upon any theory that would allow a finding of liability without requiring proof of causation, they violate Baxter World Trade's rights under the United States Constitution, the Constitution of the State of California is and such other laws as may be applicable.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of primary jurisdiction; the FDA is charged with regulating biologics, including factor concentrates, and is specifically charged with determining the content of the warnings and labeling for biologics.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman v. Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2001).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to seek equitable relief, he is not entitled to such relief because he has an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims are barred in whole or in part by the First Amendment of the Constitution of the United States and/or the applicable Constitution or equivalent legal document of any state or foreign nation whose laws might be deemed controlling in this case.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Baxter World Trade did not owe him any legal duty or, if Baxter World Trade did owe such a legal duty, it did not breach that duty.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Damages for losses claimed by Plaintiff are limited by the California Medical Injury Compensation Reform Act ("MICRA") including but not limited to California Code Sections 3333.1 and 3333.2, or other similar applicable statutes placing a cap on liability.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Some of the Plaintiff's alleged injuries or damages, if any, were the result of the misuse of factor concentrate.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the blood shield statutes of California and/or Illinois, or by the blood shield statutes of such other jurisdictions as may be applicable.

DOCSLA-15603071.3-GHEYMAN-999995-20001

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced under the doctrine of avoidable consequences due to Plaintiff's failure to mitigate damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own acts or omissions and his claims are therefore barred.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own failure to use factor concentrate in a reasonably foreseeable and intended manner, or in a manner consistent with the therapy's labeling and his claims are therefore barred.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If it is determined that a risk is inherent in factor concentrate, then such risk is outweighed by the benefits of factor concentrates.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon the doctrine of failure to warn, he has failed to state a claim upon which relief can be granted.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no privity between Plaintiff and Baxter World Trade.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's rights and claims against Baxter World Trade, if any, are barred in whole or in part by public policy considerations.

## FORTY-FIRST AFFIRMATIVE DEFENSE

No implied warranties of fitness for a particular purpose, or for merchantability, existed with respect to any transaction alleged to have been entered by Baxter World Trade, or in the alternative, such warranty or cause of action based upon such warranty was waived by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any condition in question alleged to have constituted a breach of implied warranties by Baxter World Trade was not a proximate cause of Plaintiff's alleged injuries or damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of <u>res judicata</u>, and/or satisfaction and accord.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has vexatiously and unreasonably pursued this action and Baxter World Trade is therefore entitled to costs, expenses and attorneys' fees reasonably incurred because of such conduct.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of lis pendens.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by settlement of his claims.

### FORTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because of improper claim splitting.

DOCSLA-15603071.3-GHEYMAN-999995-20001

1

## FORTY NINTH AFFIRMATIVE DEFENSE

2

3      Plaintiff's claims are barred to the extent laws within his own country

4   provide for financial compensation or assistance for Plaintiff's alleged injuries.

5

## FIFTIETH AFFIRMATIVE DEFENSE

6

7

8      Plaintiff may not recover on the claims pleaded in the Complaint because

9   the damages sought are too speculative and remote.

10

## FIFTY-FIRST AFFIRMATIVE DEFENSE

11

12

13      Plaintiff's claims for relief, on their face and as applied, violate the

14   Excessive Fines Clause of the United States Constitution, and/or the applicable

15   Constitution or equivalent legal document of any state or foreign nation whose laws

16   might be deemed controlling in this case.

17

## FIFTY-SECOND AFFIRMATIVE DEFENSE

18

19

20      While denying at all times that factor concentrates distributed by Baxter

21   World Trade caused or contributed to the injuries and damages alleged in the

22   Complaint, Baxter World Trade avers that Plaintiff was warned or otherwise made

23   aware of the alleged risks and further, that any such risks, to the extent they existed,

24   were not beyond those that would have been contemplated by an ordinary user.

25   Plaintiff therefore, is barred from any recovery on the claims asserted.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603071.3-GHEYMAN-999995-20001

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's fraud and misrepresentation claims cannot be sustained because Baxter World Trade did not have superior knowledge of material facts that were not also readily available to Plaintiff and Plaintiff has failed to plead such claims with particularity.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's rights to compensation, if any, have already been adjudicated in his home country.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Any decision in this Court, in favor of the Plaintiff, would violate legally and properly enacted provisions of the law in his home country.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not justiciable, as their adjudication would violate the Act of State Doctrine.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

This Court is neither a proper nor convenient forum for the just adjudication of Plaintiff's claims.

DOCSLA-15603071.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the law of the jurisdictions in which he resides and are, as such, barred in this Court by principles of comity.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other Defendants and not pleaded by Baxter World Trade are hereby incorporated herein to the extent they do not conflict with Baxter World Trade's affirmative defenses.

## SIXTIETH AFFIRMATIVE DEFENSE

Baxter World Trade hereby gives notice that it intends to plead any affirmative defenses available to Baxter World Trade under the law of the country where Plaintiff resides and hereby reserves the right to amend its Answer to assert such defenses.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Baxter World Trade hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert such defenses.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are improperly joined and should be dismissed.

DOCSLA-15603071.3-GHEYMAN-999995-20001

## SIXTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims involve or relate to witnesses and/or other evidence (documentary or otherwise) which lies beyond the subpoena power of this court, Plaintiff's claims and any award or judgment resulting from proceedings in this country constitute an unconstitutional violation of Defendants' rights to due process.

WHEREFORE, Baxter World Trade having fully answered, requests that this Court enter a judgment in its favor and against Plaintiff, and award Baxter World Trade its costs and expenses, including attorneys' fees in this matter, and grant such other relief as the Court may deem just and proper.

DATED: Aug 22, 2007

REED SMITH LLP

By: _____
Marilyn A. Moberg
Ginger Heyman Pigott
Attorneys for Defendant
Baxter World Trade Corporation

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 48 -    DOCSLA-15603071.3-GHEYMAN-999995-20001

DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. I am employed in the office of a member of the bar of this court at
3
whose direction the service was made. My business address is REED SMITH LLP, 355 South
4      Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 22, 2007, I served the following
document(s) by the method indicated below:

5

### DEFENDANT BAXTER WORLD TRADE CORPORATION'S ANSWER TO
6      **PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

7    ☐  by transmitting via facsimile on this date from fax number 213.457.8080 the document(s)
listed above to the fax number(s) set forth below. The transmission was completed
8         before 5:00 p.m. and was reported complete and without error. The transmission report,
which is attached to this proof of service, was properly issued by the transmitting fax
9         machine. Service by fax was made by agreement of the parties, confirmed in writing.

10   ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
11        I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing. Under that practice, it would be deposited with the U.S.
12        Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if
13        the postal cancellation date or postage meter date is more than one day after the date of
deposit for mailing in this Declaration.
14

15   ☐  by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed
16        proof of service by the process server or delivery service will be filed shortly.

17   ☐  by personally delivering the document(s) listed above to the person(s) at the address(es)
set forth below.
18

19   ☒  by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date
20        of consignment to the address(es) set forth below. A copy of the consignment slip is
attached to this proof of service.

21

## SEE ATTACHED SERVICE LIST

22      I declare under penalty of perjury under the laws of the United States that the above is true
and correct. Executed on August 22, 2007, at Los Angeles, California.
23

24

25                                              Yolanda Rodriguez

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1

## SERVICE LIST

| | |
|---|---|
| Juliano Magnonn Bersani<br>Rua Thomaz Otto #128<br>Pilarzinho, Curitiba<br>Brazil<br>CEP 82100520<br>Telephone: 41-963-50692 | *Plaintiff* |
| Nick Diamond, Esq.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>30th Floor<br>San Francisco, CA 94111-3339 | |
| Lindley J. Brenza, Esq.<br>Kaspar J. Stoffelmayr, Esq.<br>Bartlit, Beck, Herman, Palenchar & Scott<br>1899 Wynkoop Street<br>8th Floor<br>Denver, CO 80202 | |
| Geoffrey R. W. Smith, Esq.<br>Geoffrey Smith, PLLC<br>1350 I Street, N.W.<br>Suite 900<br>Washington, DC 20005 | |
| Tamar B. Kelbar, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | |
| Sheldon J. Schlesinger, Esq.<br>John Uustal, Esq.<br>Sheldon J. Schlesinger, P.A.<br>1212 Southeast Third Avenue<br>Fort Lauderdale, FL 33316 | |
| Kevin Stack, Esq.<br>Knapp, Petersen & Clarke<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203 | |
| Duncan Barr, Esq.<br>O'Connor, Cohn, Dillon & Barr<br>2405 16th Street<br>San Francisco, CA 94103-4210 | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.