Marilyn A. Moberg (SBN 126895)
Ginger Heyman Pigott (SBN 162908)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 457-8000
Facsimile:   (213) 457 8080
gheyman@reedsmith.com

Richard L. Berkman, Of Counsel/Pro Hac Vice To Be Filed
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104-2857
Telephone: (215) 994-4000
richard.berkman@dechert.com

Attorneys for Defendant
BAXTER INTERNATIONAL INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANO MAGNONN BERSANI, an individual, citizen of Brazil,<br><br>        Plaintiff,<br><br>    vs.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; BAXTER INTERNATIONAL, INC., a Delaware corporation, successor to IMMUNO - U.S., INC., a Michigan Corporation; BAXTER WORLD TRADE CORPORATION, a Delaware corporation; ARMOUR PHARMACEUTICAL COMPANY, INC., a Delaware corporation, AVENTIS BEHRING LLC, a Delaware corporation, and AVENTIS INC., a Pennsylvania corporation; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>        Defendants. | Case No. C 07 3760 MEJ<br><br>**DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Jury Trial Demanded |

DOCSLA-15603056.3-GHEYMAN-999995-20001

Baxter International Inc., incorrectly identified in the complaint as "Baxter International," (hereinafter "Baxter International") affirmatively states that all of the allegations directed to Baxter International are denied, as Baxter International, a holding company, did not engage in any of the activities alleged in Plaintiff's Complaint. Baxter International further states that to the extent Plaintiff's Complaint contains allegations directed to "Baxter/Immuno," "Baxter Healthcare Corporation," "Baxter World Trade," "Immuno International A.G.," "Immuno - U.S.," or any alleged entity other than Baxter International, either explicitly or otherwise, no answer is required by Baxter International. No response by Baxter International herein shall be deemed a response to allegations directed to "Baxter/Immuno," "Baxter Healthcare Corporation," "Baxter World Trade," "Immuno International A.G.," "Immuno - U.S.," or any other alleged entity. All references to "Baxter" in the Complaint shall be deemed to refer solely to Baxter Healthcare Corporation for purposes of this Answer. Specifically, Baxter International answers Plaintiff's Complaint as follows:

## I.     ANSWER TO PLAINTIFF'S INTRODUCTION

1.     To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. The remaining factual allegations directed to Baxter International, if any, are denied, as Baxter International is a holding company and as such, did not participate in the activities alleged in Plaintiff's Complaint. Baxter International further denies that it is in any way liable in this matter. Baxter International specifically denies that it engaged in any misconduct, denies that it "manufactured" Factor VIII or Factor IX, and denies that Factor VIII or Factor IX concentrates are blood "products." Baxter International is without any knowledge or information as to facts alleged specifically regarding Plaintiff and therefore denies them.

DOCSLA-15603056.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company and as such, it did not participate in the activities alleged in Plaintiff's Complaint.  Baxter International denies that it "manufactured" Factor VIII or Factor IX concentrates, or that Factor VIII or Factor IX concentrates are blood "products."  Baxter International further denies that it conspired with anyone.

3.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company and as such, it did not participate in the activities alleged in Plaintiff's Complaint.

4.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

## II.    ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

5.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International and therefore no response is required.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1           6.     The allegations of this paragraph constitute legal conclusions

2 and/or are directed to parties other than Baxter International and therefore no response

3 is required.  The remaining factual allegations directed to Baxter International, if any,

4 are denied. Baxter International is a holding company.  As such, it did not participate

5 in the activities alleged in this paragraph.  Further, Baxter International specifically

6 denies that it engaged in any unlawful, negligent or tortuous activity.

7

8           7.     The allegations of this paragraph constitute legal conclusions

9 and/or are directed to parties other than Baxter International and therefore no response

10 is required.  The remaining factual allegations directed to Baxter International, if any,

11 are denied.  Baxter International did not participate in the activities that are the subject

12 of this action.  Baxter International specifically denies that it engaged in any unlawful

13 activity.

14

15           8.     Baxter International is without knowledge or information sufficient

16 to form a belief as to the truth of the allegations regarding the willingness of witnesses

17 to travel to the United States and therefore denies them.  The remaining factual

18 allegations directed to Baxter International, if any, are denied.

19

20           9.     The allegations of this paragraph constitute legal conclusions with

21 respect to which no response is required.  To the extent that this paragraph is deemed

22 to include factual allegations, Baxter International is without knowledge or

23 information sufficient to form a belief as to the truth of the allegations in this

24 paragraph and therefore denies them.  In any event, Baxter International did not

25 participate in the activities that are the subject of this action and denies that it is liable

26 in any way.

27

28

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

10.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International and therefore no response is required.  Baxter International specifically denies that it engaged in any unlawful activity.  The remaining factual allegations directed to Baxter International, if any, are denied.

11.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International and therefore no response is required from Baxter International.  Baxter International specifically denies that it engaged in unlawful activity.  The remaining factual allegations directed to Baxter International, if any, are denied.

12.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

## III.    ANSWER TO ALLEGATIONS REGARDING PARTIES

13.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  To the extent that these allegations are factual and directed to Baxter International, Baxter International is without knowledge or information sufficient to form a belief as to the truth of the alleged facts relating to Plaintiff's citizenship, country of residence, hemophilia treatments, medical condition, state of mind or other personal information, and therefore denies them.  By way of further answer, this paragraph purports to reference plaintiff's Preliminary Profile Form.  Baxter International is without knowledge or information sufficient to form a belief as to the

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    truth of the alleged facts relating to Plaintiff's Preliminary Patient Profile Form, and

2    therefore denies them.  Baxter International specifically denies that it engaged in any

3    activities related to the processing of any factor concentrate that Plaintiff contends

4    infected him with HCV.

5

6        14.    To the extent that the allegations of this paragraph constitute legal

7    conclusions and/or are directed to parties other than Baxter International, no response

8    is required.  The remaining factual allegations directed to Baxter International, if any,

9    are denied.  Baxter International is a holding company and as such, it did not engage

10   in any operations related to the subjects at issue in the Complaint.

11

12       15.    The allegations of this paragraph are directed to parties other than

13   Baxter International and therefore no response is required.

14

15       16.    The allegations of this paragraph are directed to parties other than

16   Baxter International and therefore no response is required.

17

18       17.    The allegations of this paragraph constitute legal conclusions

19   and/or are directed to parties other than Baxter International and therefore no response

20   is required.  By way of further response, upon information and belief, Baxter

21   International admits that Baxter Healthcare Corporation is a Delaware corporation,

22   with its principal place of business in Deerfield, Illinois, and that it is licensed to do

23   business in multiple states, including California.  Baxter International further admits

24   that Baxter Healthcare Corporation has, through its Hyland Division, been engaged in

25   collecting plasma and processing and distributing AHF.  The remaining factual

26   allegations directed to Baxter International, if any, are denied.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 6 -    DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1     18.    To the extent the allegations of this paragraph constitute legal

2 conclusions and/or are directed to parties other than Baxter International, no response

3 is required. To the extent that this paragraph includes factual allegations directed to

4 Baxter International, Baxter International admits that it and Baxter World Trade

5 Corporation are Delaware Corporations with offices and their principal places of

6 business in Illinois. The remaining factual allegations directed to Baxter International,

7 if any, are denied. Baxter International specifically denies that it is the owner of

8 and/or successor in interest to Immuno International A.G. and/or Immuno-U.S. and

9 further denies that either it or Baxter World Trade Corporation is in any way liable in

10 this matter. Baxter International makes no response regarding Immuno International

11 A.G.

12

13     19.    To the extent the allegations of this paragraph constitute legal

14 conclusions and/or are directed to parties other than Baxter International, no response

15 is required. Baxter International admits that it maintains an address in Deerfield,

16 Illinois. Upon information and belief, Baxter International further admits that, at all

17 times pertinent to the allegations of this Complaint, Immuno - U.S. was a Michigan

18 Corporation and a subsidiary of Immuno International A.G., an Austrian Company

19 with no corporate relationship to Baxter International, Inc., Baxter Healthcare

20 Corporation or Baxter World Trade Corporation. By way of further answer, this

21 paragraph purports to reference a 1998 document. Baxter International denies all

22 allegations related to such document, to the extent they are inconsistent with the

23 provisions of the actual document. All remaining factual allegations directed to

24 Baxter International, if any, are denied.

25

26     20.    The allegations of this paragraph are directed to parties other than

27 Baxter International and therefore no response is required.

28

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

21.    The allegations of this paragraph are directed to parties other than Baxter International and therefore no response is required.

22.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  It did not participate in the activities alleged in this paragraph and denies that it is in any way liable in this matter. Baxter International makes no response on behalf of "Baxter Healthcare Corporation," "Baxter World Trade," or "Immuno" (which is not a defendant in this action) and all responses herein are made solely on behalf of Baxter International and not on behalf of any other entity or collective group of entities.

23.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  Baxter International is without knowledge or information sufficient to form a belief as to the vague and ambiguous term "actions," and therefore allegations based thereon are denied.  By way of further response, Baxter International did not participate in the activities that are the subject of this Complaint.

## IV.    ANSWER TO PLAINTIFF'S "FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS"

### A.    Answer to Allegations Regarding Hemophilia and Its Treatment

24.    Baxter International admits that hemophilia is an inherited hemorrhagic condition, the circumstances of which vary from individual to individual. Baxter International is without knowledge or information sufficient to form a belief

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

with respect to the allegations regarding Plaintiff's medical condition and therefore denies them.  This paragraph does not state allegations directed to Baxter International, but rather recites medical facts and information.  Baxter International denies the statements herein to the extent they are inconsistent with the current state of medical and scientific knowledge.

25.    Baxter International admits that hemophilia is an inherited hemorrhagic condition, the circumstances of which vary from individual to individual. This paragraph does not state allegations directed to Baxter International, but rather recites medical facts and information.  Baxter International denies the statements herein to the extent they are inconsistent with the current state of medical and scientific knowledge and/or are inconsistent with the instructions for use which accompany particular therapies.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not participate in the activities alleged in Plaintiff's Complaint.  Baxter International specifically denies that it made factor concentrate.

26.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International did not participate in the activities alleged in Plaintiff's Complaint, and Baxter International denies that it is any way liable in this matter.  Baxter International did not market or process factor concentrates.

**B.    Answer to Allegations Regarding Failure to Disclose or Warn**

27.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response

DOCSLA-15603056.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not make factor concentrate and it did not engage in any operations related to the subjects at issue in the Complaint.

28.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  This paragraph purports to reference research articles published in the 1970s.  Baxter International denies such references to the extent they are inconsistent with the plain meaning of the writings themselves and denies Plaintiff's characterization of the writings.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not participate in any of the activities alleged in the Complaint.

29.    This paragraph purports to reference research articles published in the 1970s.  Baxter International denies such references to the extent they are inconsistent with the plain meaning of the writings themselves and denies Plaintiff's characterization of the writings.

30.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not engage in any activities related to the labeling of factor concentrates as alleged in this paragraph.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

C.    **Answer to Allegations Regarding Alleged Recruitment of Donors From High Risk Populations**

31.    This paragraph does not allege any facts directed to Baxter International but rather purports to reference and quote a specific report. Baxter International denies the allegations of this paragraph to the extent they are inconsistent with the plain meaning of the referenced report.

32.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate in any of the activities alleged in the Complaint.

33.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. This paragraph purports to reference various studies and reports. Baxter International denies such references to the extent they are inconsistent with the plain meaning of the documents. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it had no involvement with plasma donors and did not participate in any of the activities alleged in this Paragraph.

34.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. This paragraph purports to reference and quote a specific report. Baxter International denies such references to the extent they are inconsistent with the plain meaning of the report. The remaining factual allegations directed to Baxter

DOCSLA-15603056.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  International, if any, are denied.  Baxter International is a holding company.  As such,

2  it did not recruit donors and did not participate in any of the activities alleged in this

3  Paragraph.

4

5      35.    To the extent that the allegations of this paragraph constitute legal

6  conclusions and/or are directed to parties other than Baxter International, no response

7  is required.  This paragraph purports to reference and quote a specific report the

8  accuracy and authenticity of which is not known to Baxter International and Baxter

9  International therefore denies the allegations regarding such report.  The remaining

10  factual allegations directed to Baxter International, if any, are denied.  Baxter

11  International is a holding company.  As such, it did not engage in any of the activities

12  alleged in this Paragraph.

13

14      36.-39.      To the extent that the allegations of these paragraphs

15  constitute legal conclusions and/or are directed to parties other than Baxter

16  International, no response is required.  The remaining factual allegations directed to

17  Baxter International, if any, are denied.  Baxter International is a holding company.

18  As such, it did not select donors, process or produce any therapy, use plasma or

19  participate in any of the activities alleged in the Complaint.

20

21      40.    To the extent that the allegations of this paragraph constitute legal

22  conclusions and/or are directed to parties other than Baxter International, no response

23  is required.  The remaining factual allegations directed to Baxter International, if any,

24  are denied.  Baxter International is a holding company.  As such, it did not recruit

25  plasma donors or participate in any of the activities alleged in the Complaint.

26

27      41.    The allegations of this paragraph constitute legal conclusions

28  and/or directed to parties other than Baxter International, and therefore no response is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  required.  The remaining factual allegations directed to Baxter International, if any,

2  are denied.  Baxter International is a holding company.  As such, it did not participate

3  in any of the activities alleged in Plaintiff's Complaint.  By way of further answer,

4  Baxter International specifically denies concealing anything from anyone.

5

6  **D.    Answer to Plaintiff's Allegation Regarding HBc Testing**

7

8        42.    To the extent that the allegations of this paragraph constitute legal

9  conclusions and/or are directed to parties other than Baxter International, no response

10 is required.  The remaining factual allegations directed to Baxter International, if any,

11 are denied.  Baxter International is a holding company.  As such, it did not participate

12 in any of the activities alleged in the Complaint.

13

14       43.    The allegations of this paragraph are denied.

15

16       44.    The allegations of this paragraph constitute legal conclusions

17 and/or are directed to parties other than Baxter International, and therefore no

18 response is required.  The remaining factual allegations directed to Baxter

19 International, if any, are denied.  Baxter International is a holding company.  As such,

20 it did not engage in any of the activities alleged in the Complaint.

21

22       45.    To the extent that the allegations of this paragraph constitute legal

23 conclusions and/or are directed to parties other than Baxter International, no response

24 is required.  Baxter International is without knowledge or information sufficient to

25 form a belief as to the source of Plaintiff's and other alleged hemophiliacs' "AIDS"

26 and Hepatitis C infections and therefore denies such allegations.  The remaining

27 factual allegations directed to Baxter International, if any, are denied.  Baxter

28

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  International is a holding company. As such, it did not engage in any of the activities

2  alleged in the Complaint.

3

4       46.    To the extent that the allegations of this paragraph constitute legal

5  conclusions and/or are directed to parties other than Baxter International, no response

6  is required. By way of further response, this paragraph purports to reference and

7  interpret federal regulations. Baxter International denies every allegation inconsistent

8  with the plain language of the regulations as applied and interpreted by the FDA

9  during the relevant period. The remaining factual allegations directed to Baxter

10  International, if any, are denied. Baxter International is a holding company. As such,

11  it did not engage in any operations related to the subjects at issue in the Complaint.

12  Specifically, Baxter International denies that it is a "plasma fractionator."

13

14       47.    To the extent that the allegations of this paragraph constitute legal

15  conclusions and/or are directed to parties other than Baxter International, no response

16  is required. The remaining factual allegations directed to Baxter International, if any,

17  are denied. Baxter International is a holding company. As such, it did not engage in

18  any operations related to the subjects at issue in the Complaint.

19

20       48.    To the extent that the allegations of this paragraph constitute legal

21  conclusions and/or are directed to parties other than Baxter International, no response

22  is required. The remaining factual allegations directed to Baxter International, if any,

23  are denied. Baxter International is a holding company. As such, it did not participate

24  in the activities alleged in Plaintiff's Complaint. By way of further answer, Baxter

25  International specifically denies that it ever conspired with anyone to do anything.

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

**E.     Answer to Plaintiff's Allegations Regarding Heat Treatment and Solvent Detergent**

49.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  To the extent that these allegations are factual and directed to Baxter International, Baxter International admits that in the late 1970's and early 1980's hepatitis was recognized as the sole known viral pathogen transmissible via Factor VIII and Factor IX.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not engage in any of the operations related to the subjects at issue in this Complaint.

50.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  This paragraph purports to reference and quote various reports and documents the accuracy and authenticity of which are not known to Baxter International and Baxter International therefore denies the allegations related to them. Baxter International admits that, unlike factor concentrate, albumin could be readily heated.  Upon information and belief, Baxter International further admits that Baxter Healthcare Corporation's heat-treated factor concentrate was licensed in 1983.  Baxter International is without knowledge or information sufficient to form a belief as to when "HIV-safe" factor concentrates were "universally" used and therefore denies such allegations.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not engage in any operations related to the subjects at issue in the Complaint.

51.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

52.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  Baxter International specifically denies that solvent detergents were well known or commercially available for use in factor concentrates in the 1970's or that peer review articles addressed solvent detergents in factor concentrates at that time. The remaining factual allegations directed to Baxter International, if any, are denied.

53.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not engage in any activities alleged in the Complaint.  Baxter International specifically denies that Dr. Shanbrom ever approached Baxter International.

54.    To the extent the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

55.    Upon information and belief, Baxter International admits that in 1984, Drs. Prince and Horowitz published an article about a solvent and a detergent. The remaining factual allegations directed to Baxter International, if any, are denied.

56.    To the extent the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    is required. All remaining factual allegations directed to Baxter International, if any,

2    are denied.

3

4    57.    To the extent the allegations of this paragraph constitute legal

5    conclusions and/or are directed to parties other than Baxter International, no response

6    is required. The remaining factual allegations directed to Baxter International, if any,

7    are denied. Baxter International is a holding company. As such, it did not participate

8    in any of the activities alleged in this Paragraph.

9

10    58.    This paragraph does not include allegations directed to Baxter

11    International but rather purports to recite medical and scientific information. Baxter

12    International denies such statements to the extent they are inconsistent with the state

13    of medical and scientific knowledge. This paragraph further purports to quote a

14    published article, the accuracy and authenticity of which are not known to Baxter

15    International, and Baxter International therefore denies such quotation and further

16    denies Plaintiff's characterization of the quotation.

17

18    59.-60.    These paragraphs do not include allegations directed to

19    Baxter International but rather purport to recite medical and scientific information.

20    Baxter International denies such statements to the extent they are inconsistent with the

21    state of medical and scientific knowledge. These paragraphs further purport to quote a

22    published article, the accuracy and authenticity of which are not known to Baxter

23    International, and Baxter International therefore denies such quotations.

24

25    61.    This paragraph does not include allegations directed to Baxter

26    International but rather purports to recite medical and scientific information. Baxter

27    International denies such statements to the extent they are inconsistent with the state

28    of medical and scientific knowledge. This paragraph further purports to quote a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

published article, the accuracy and authenticity of which are not known to Baxter International, and Baxter International therefore denies such quotation and further denies Plaintiff's characterization of the quotation.

62.    To the extent the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. This paragraph purports to reference certain undated CDC information and makes allegations regarding the CDC's state of mind. The identity, accuracy and authenticity of such CDC information, as well as the CDC's state of mind in allegedly publishing it are unknown to Baxter International and Baxter International therefore denies all allegations regarding this CDC information. Baxter International further states that it is a holding company that had no involvement with the activities alleged in this paragraph. The remaining factual allegations directed to Baxter International, if any, are denied.

63.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate in any of the activities alleged in this Paragraph.

F.    **Answer to Allegations Regarding Shipment of Non-Heat Treated Factor Concentrate Abroad**

64.    To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate

DOCSLA-15603056.3-GHEYMAN-999995-20001
DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    in any of the activities alleged in Plaintiff's Complaint. Baxter International is aware

2    of no entity known as "Baxter/Immuno" (or any therapies processed during the

3    relevant period by any such entity) and makes no answer on behalf of such alleged

4    "defendant."

5

6        65.    To the extent the allegations of this paragraph constitute legal

7    conclusions and/or are directed to parties other than Baxter International, no response

8    is required. By way of further answer, this paragraph purports to reference certain

9    internal Cutter documents. Baxter International is without knowledge or information

10    sufficient to form a belief as to the identity, accuracy or authenticity of these

11    documents and therefore denies the allegations regarding them. The remaining factual

12    allegations directed to Baxter International, if any, are denied. Baxter International is

13    a holding company. As such, if did not participate in any of the activities alleged in

14    Plaintiffs' Complaint.

15

16        66.    The allegations of this paragraph constitute legal conclusions

17    and/or are directed to parties other than Baxter International, and therefore no

18    response is required. By way of further answer, this paragraph purports to reference

19    and quote a certain internal Cutter document. Baxter International is without

20    knowledge or information sufficient to form a belief as to the identity, accuracy or

21    authenticity of such document and therefore denies the allegations regarding it. The

22    remaining factual allegations directed to Baxter International, if any, are denied.

23    Baxter International is a holding company. As such, it did not participate in any of the

24    activities alleged in Plaintiffs' Complaint.

25

26        67.    To the extent the allegations of this paragraph constitute legal

27    conclusions and/or are directed to parties other than Baxter International, no response

28    is required. By way of further answer, this paragraph purports to reference certain

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1  unidentified records.  Baxter International is without knowledge or information

2  sufficient to form a belief as to the identity, accuracy or authenticity of these

3  documents and therefore denies the allegations regarding them.  The remaining factual

4  allegations directed to Baxter International, if any, are denied.  Baxter International is

5  a holding company.  As such, it did not participate in any of the activities alleged in

6  Plaintiffs' Complaint.

7

8       68.     The allegations of this paragraph constitute legal conclusions

9  and/or are directed to parties other than Baxter International, and therefore no

10 response is required.  By way of further answer, this paragraph purports to reference

11 and interpret a purported CDC report.  Baxter International is without knowledge or

12 information sufficient to form a belief as to the identity, accuracy and authenticity of

13 such report and therefore denies the allegations regarding it.  The remaining

14 allegations directed to Baxter International, if any, are denied.  Baxter International is

15 a holding company.  As such, it did not participate in any of the activities alleged in

16 Plaintiffs' Complaint.

17

18      69.     To the extent the allegations of this paragraph constitute legal

19 conclusions and/or are directed to parties other than Baxter International, no response

20 is required.  By way of further answer, this paragraph purports to reference and

21 interpret a purported CDC report.  Baxter International is without knowledge or

22 information sufficient to form a belief as to the identity, accuracy and authenticity of

23 such report and therefore denies the allegations regarding it.  The remaining factual

24 allegations directed to Baxter International, if any, are denied.  Baxter International is

25 a holding company.  As such, it did not participate in any of the activities alleged in

26 Plaintiff's Complaint.

27

28

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      70.    To the extent the allegations of this paragraph are directed to

2  parties other than Baxter International, no response is required.  The remaining factual

3  allegations directed to Baxter International, if any, are denied.  Baxter International is

4  a holding company.  As such, it did not participate in any of the activities alleged in

5  Plaintiffs' Complaint.

6

7  **G.    Answer to Allegations of Misrepresentation and Fraudulent**

8  **Concealment**

9

10      71.    To the extent that the allegations of this paragraph constitute legal

11  conclusions and/or are directed to parties other than Baxter International, no response

12  is required.  The remaining factual allegations directed to Baxter International, if any,

13  are denied.  Baxter International specifically denies misrepresenting or fraudulently

14  concealing anything.

15

16      72.    The allegations of this paragraph constitute legal conclusions

17  and/or are directed to parties other than Baxter International, and therefore no

18  response is required.  The remaining factual allegations directed to Baxter

19  International, if any, are denied.  Baxter International is a holding company.  As such,

20  it did not participate in any of the activities alleged in Plaintiff's Complaint.

21

22      73.    The allegations of this paragraph constitute legal conclusions

23  and/or are directed to parties other than Baxter International, and therefore no

24  response is required.  The remaining factual allegations directed to Baxter

25  International, if any, are denied.  Baxter International is a holding company.  As such,

26  it did not participate in any of the activities alleged in Plaintiff's Complaint.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

74. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate in any of the activities alleged in the Complaint.

75. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.

76. To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate in any of the activities alleged in the Complaint.

77. The allegations of this paragraph constitute legal conclusions and/or are directed to defendants other than Baxter International, and therefore no response is required. To the extent that these allegations are factual and directed to Baxter International, Baxter International specifically denies concealing anything from anyone. The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International is a holding company. As such, it did not participate in any of the activities alleged in the Complaint.

78. The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and thus no response is required. The remaining factual allegations directed to Baxter International, if any,

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    are denied. Baxter International is a holding company. As such, it did not participate

2    in the activities alleged in Plaintiff's Complaint.

4    79.    The allegations of this paragraph constitute legal conclusions

5    and/or are directed to parties other than Baxter, and therefore no response is required.

6    All factual allegations directed to Baxter, if any, are denied. By way of further

7    answer, Baxter at all times acted with due care, complied with applicable statutes and

8    regulations, and acted in accordance with the existing state of medical and scientific

9    knowledge.

11    80.    The allegations of this paragraph constitute legal conclusions

12    and/or are directed to parties other than Baxter International, and therefore no

13    response is required. Baxter International did not engage in any activities at issue in

14    this Complaint and specifically denies that it engaged in any fraudulent activities,

15    failed to disclose accurate warnings or recruited high risk donors. All remaining

16    factual allegations directed to Baxter International, if any, are denied.

18    **H.    Answer to Allegations Regarding Federal Regulations**

20    81.    The allegations of this paragraph, including all of its subparts,

21    constitute legal conclusions and therefore no response is required. Further, this

22    paragraph, including its subparts, purports to quote provisions of the United States

23    Code. Baxter International denies any quotations, or portions thereof, which are not in

24    conformity with the exact language of the referenced statute and, in any event, denies

25    Plaintiff's characterization of such language.

27    82.-87.    The allegations of these paragraphs constitute legal

28    conclusions and therefore no response is required. Further, these paragraphs purport

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001
DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   to quote provisions of the Code of Federal Regulations. Baxter International denies

2   any quotations, or portions thereof, which are out of conformity with the exact

3   language of the referenced regulation. Moreover, Baxter International is without

4   knowledge or information sufficient to form a belief as to what times Plaintiff believes

5   are "material to this Complaint" and therefore denies the allegations of these

6   paragraphs on that basis and, in any event, Baxter International denies Plaintiff's

7   characterization of such language.

8

9       88.    The allegations of this paragraph constitute legal conclusions

10  and/or are directed to parties other than Baxter International, and therefore no

11  response is required. The remaining factual allegations directed to Baxter

12  International, if any, are denied. Baxter International is a holding company. As such,

13  it did not engage in any of the activities alleged in this Paragraph.

14

15  I.   **Answer to Allegations Regarding Conspiracy, Concert of Action and**

16  **Group Liability**

17

18      89.-100.    The allegations of these paragraphs constitute legal

19  conclusions and/or are directed to parties other than Baxter International, and

20  therefore no response is required. The remaining factual allegations directed to Baxter

21  International, if any, are denied. Baxter International is a holding company that did

22  not participate in any of the activities alleged in these paragraphs.

23

24      101.-103.    To the extent that the allegations of these paragraphs

25  constitute legal conclusions and/or are directed to parties other than Baxter

26  International, no response is required. The remaining factual allegations directed to

27  Baxter International, if any, are denied. Defendant Baxter International is a holding

28  company that does not now and has never in the past manufactured factor concentrate.

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

## V.    ANSWER TO ALLEGATIONS REGARDING TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

104.-106.    The allegations of these paragraphs constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company that did not participate in any activities alleged in Plaintiff's Complaint.  By way of further answer, Baxter International specifically denies any acts of fraudulent conduct, concealment or misrepresentation.

## VI.    ANSWER TO ALLEGATIONS REGARDING CLAIMS FOR RELIEF

### A.    Answer to Plaintiff's First Claim - Fraudulent Omission and Concealment

107.    Baxter International incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

108.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

109.    The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

110.    The allegations of this paragraph constitute legal conclusions

2  and/or are directed to parties other than Baxter International, and therefore no

3  response is required.  The remaining factual allegations directed to Baxter

4  International, if any, are denied.  By way of further answer, Baxter International

5  specifically denies that it fraudulently or intentionally concealed any information from

6  Plaintiff.

7

8

111.    The allegations of this paragraph constitute legal conclusions

9  and/or are directed to parties other than Baxter International, and therefore no

10  response is required.  By way of further answer, Baxter International specifically

11  denies that it fraudulently or intentionally concealed any information from Plaintiff.

12

13

112.    To the extent that the allegations of this paragraph constitute legal

14  conclusions and/or are directed to parties other than Baxter International, no response

15  is required.  The remaining factual allegations directed to Baxter International, if any,

16  are denied.  By way of further answer, Baxter International specifically denies that it

17  concealed any information from anyone.

18

19

113.    The allegations of this paragraph constitute legal conclusions

20  and/or are directed to parties other than Baxter International, and therefore no

21  response is required.  By way of further answer, Baxter International specifically

22  denies that it fraudulently or intentionally concealed any information from Plaintiff.

23

24

114.    The allegations of this paragraph constitute legal conclusions

25  and/or are directed to parties other than Baxter International, and therefore no

26  response is required.

27

28

- 26 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

115.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  Baxter International specifically denies that its conduct was malicious, intentional, outrageous, willful or wanton or that Plaintiff was injured or suffered damages as a result of a wrongful act or omission by Baxter International. Baxter International is a holding company and as such was not engaged in any conduct alleged in the Complaint.

116.   The allegations of this paragraph are either legal conclusions, or are statements not directed to any defendant, and therefore no response is required from Baxter International.  The remaining factual allegations directed to Baxter International, if any, are denied.

**B.**     **Answer to Plaintiff's Second Claim - Breach of Implied Warranty**

117.   Baxter International incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

118.   To the extent that the allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, no response is required.  Baxter International admits that the factor concentrate therapies which are the subject of this action are prescription biologics which are processed from human plasma as therapeutic agents for human beings.  Baxter International denies that factor concentrates are "products," or that they are "designed" or "manufactured."  The remaining factual allegations directed to Baxter International, if any, are denied. Baxter International did not participate in the activities alleged in Plaintiff's Complaint.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1    119.    The allegations of this paragraph constitute legal conclusions

2    and/or are directed to parties other than Baxter International, and therefore no

3    response is required.  The remaining factual allegations directed to Baxter

4    International, if any, are denied.

5

6    **C.    Answer to Plaintiff's Third Claim Negligence**

7

8    120.    Baxter International incorporates by reference its responses to all

9    preceding paragraphs as if fully set forth herein and further answers as follows:

10

11    121.    The allegations of this paragraph constitute legal conclusions

12    and/or are directed to parties other than Baxter International, and therefore no

13    response is required.  The remaining factual allegations directed to Baxter

14    International, if any, are denied.

15

16    122.    The allegations of this paragraph constitute legal conclusions

17    and/or are directed to parties other than Baxter International, and therefore no

18    response is required.  The remaining factual allegations directed to Baxter

19    International, if any, are denied.  Baxter International is a holding company.  As such,

20    it did not participate in the conduct alleged in the Complaint.

21

22    123.    The allegations of this paragraph and all of its subparts constitute

23    legal conclusions and/or are directed to parties other than Baxter International, and

24    therefore no response is required.  The remaining factual allegations directed to Baxter

25    International, if any, are denied.  Baxter International is a holding company.  As such,

26    it did not participate in the conduct alleged in the Complaint.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

124.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International is a holding company.  As such, it did not participate in the conduct alleged in the Complaint.

125.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.  Baxter International specifically denies that it was negligent or that Plaintiff was injured or suffered damages as a result of a wrongful act or omission by Baxter International.  Baxter International is a holding company.  As such, it did not participate in the conduct alleged in the Complaint.

126.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.

127.   The allegations of this paragraph constitute legal conclusions and/or are directed to parties other than Baxter International, and therefore no response is required.  The remaining factual allegations directed to Baxter International, if any, are denied.

D.   **Answer to Plaintiff's Fourth Claim - Negligence Per Se**

128.   Baxter International incorporates by reference its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   129.   The allegations of this paragraph constitute legal conclusions

2   and/or are directed to parties other than Baxter International, and therefore no

3   response is required.  The remaining factual allegations directed to Baxter

4   International, if any, are denied.

5

6   130.   The allegations of this paragraph constitute legal conclusions

7   and/or are directed to parties other than Baxter International, and therefore no

8   response is required.

9

10   131.   The allegations of this paragraph constitute legal conclusions

11   and/or are directed to parties other than Baxter International, and therefore no

12   response is required.  The remaining factual allegations directed to Baxter

13   International, if any, are denied.

14

15   132.   The allegations of this paragraph constitute legal conclusions

16   and/or are directed to parties other than Baxter International, and therefore no

17   response is required.  The remaining factual allegations directed to Baxter

18   International, if any, are denied.

19

20   133.   The allegations of this paragraph constitute legal conclusions

21   and/or are directed to parties other than Baxter International, and therefore no

22   response is required.  The remaining factual allegations directed to Baxter

23   International, if any, are denied.  Baxter International specifically denies that its

24   conduct was malicious, intentional, outrageous, willful or wanton or that Plaintiff was

25   injured or suffered damages as a result of a wrongful act or omission by Baxter

26   International.  Baxter International is a holding company.  As such, it did not

27   participate in any of the activities alleged in the Complaint.

28

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

## VII.  ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Baxter International having fully answered, requests that this Court enter a judgment in its favor and against Plaintiff, and award Baxter International its costs and expenses, including attorneys' fees in this matter, and grant such other relief as the Court may deem just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Baxter International upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused by the negligence, fault, or other culpable conduct of persons other than Baxter International and over whom Baxter International had no control and for which matters Baxter International bears no legal responsibility.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

## FIFTH AFFIRMATIVE DEFENSE

3

Plaintiff's claims are barred, in whole or in part, by the doctrines of

4    laches, waiver and/or estoppel.

5

6

## SIXTH AFFIRMATIVE DEFENSE

7

8

Plaintiff's claims are barred by doctrines concerning unavoidably unsafe

9    therapeutics under the Restatement (Second) of Torts:  Product Liability §402A and

10   comments thereto and/or Restatement (Third) of Torts:  Products Liability §6 and

11   comments thereto.

12

13

## SEVENTH AFFIRMATIVE DEFENSE

14

15

Some or all of Plaintiff's claims are barred or subject to reduction by the

16   doctrines of contributory negligence or comparative fault.  Accordingly, any recovery

17   must be diminished to the extent of a finding of contributory negligence and/or

18   comparative fault against him.

19

20

## EIGHTH AFFIRMATIVE DEFENSE

21

22

Plaintiff was warned of and/or assumed the risk, if any, related to the use

23   of factor concentrates.

24

25

## NINTH AFFIRMATIVE DEFENSE

26

27

Plaintiff, knowing the nature and properties of factor concentrates,

28   consented to their use, and accordingly Baxter International cannot be held liable.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### TENTH AFFIRMATIVE DEFENSE

Factor concentrate is a prescription biologic which has been licensed and approved under 42 U.S.C. Section 262 and the regulations issued thereunder. The aforementioned statute and all other applicable federal statutes and regulations, including but not limited to the federal Food, Drug, and Cosmetic Act preempt and bar the Plaintiff's claims, in whole or in part, by operation of the Supremacy Clause of the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties necessary and/or indispensable to a just adjudication of this lawsuit.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged injuries of Plaintiff were the result of unavoidable circumstances, which could not have been prevented by anyone.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages, if any, were proximately caused by an intervening or superseding cause, and Plaintiff's recovery against Baxter International is therefore barred.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege any cause of action that would entitle Plaintiff to exemplary or punitive damages under the applicable and/or governing law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demands for exemplary and punitive damages are barred because any award of such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by allowing standardless discretion to the jury to determine punishment and by depriving Baxter International of prior notice of the consequences of its alleged acts.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Baxter specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007). To the extent Plaintiff's demand for punitive damages are governed by foreign law, punitive damages are not available to Plaintiff under applicable and/or governing law.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are a punishment, a quasi-criminal sanction for which Baxter International has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege a cause of action that would entitle Plaintiff to attorneys' fees or costs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to give timely notice of his breach of warranty claims, if any, and therefore are precluded from recovery.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to mitigate damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims rest upon any theory that would allow a finding of liability without requiring proof of causation, they violate Baxter International's rights under the United States Constitution, the Constitution of the State of California and such other laws as may be applicable.

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of primary jurisdiction; the FDA is charged with regulating biologics, including factor concentrates, and is specifically charged with determining the content of the warnings and labeling for biologics.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to seek equitable relief, he is not entitled to such relief because he has an adequate remedy at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims are barred in whole or in part by the First Amendment of the Constitution of the United States and/or the applicable Constitution or equivalent legal document of any state or foreign nation whose laws might be deemed controlling in this case.

DOCSLA-15603056.3-GHEYMAN-999995-20001

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Baxter International did not owe him any legal duty or, if Baxter International did owe such a legal duty, it did not breach that duty.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some of the Plaintiff's alleged injuries or damages, if any, were the result of the misuse of factor concentrate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the blood shield statutes of California and/or Illinois, or by the blood shield statutes of such other jurisdictions as may be applicable.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced under the doctrine of avoidable consequences due to Plaintiff's failure to mitigate damages.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own acts or omissions and his claims are therefore barred.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and losses, if any, were proximately caused by his own failure to use factor concentrate in a reasonably foreseeable and intended manner, or in a manner consistent with the therapy's labeling and his claims are therefore barred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

If it is determined that a risk is inherent in factor concentrate, then such risk is outweighed by the benefits of factor concentrates.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon the doctrine of failure to warn, he has failed to state a claim upon which relief can be granted.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no privity between Plaintiff and Baxter International.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's rights and claims against Baxter International, if any, are barred in whole or in part by public policy considerations.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

No implied warranties of fitness for a particular purpose, or for merchantability, existed with respect to any transaction alleged to have been entered by Baxter International, or in the alternative, such warranty or cause of action based upon such warranty was waived by Plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any condition in question alleged to have constituted a breach of implied warranties by Baxter International was not a proximate cause of Plaintiff's alleged injuries or damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, and/or satisfaction and accord.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

DOCSLA-15603056.3-GHEYMAN-999995-20001

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

### FORTY-FIRST AFFIRMATIVE DEFENSE

3      Plaintiff has vexatiously and unreasonably pursued this action and Baxter

4   International is therefore entitled to costs, expenses and attorneys' fees reasonably

5   incurred because of such conduct.

6

### FORTY-SECOND AFFIRMATIVE DEFENSE

7

8

9      Plaintiff's claims are barred by the doctrine of lis pendens.

10

### FORTY-THIRD AFFIRMATIVE DEFENSE

11

12

13      Plaintiff's claims are barred, in whole or in part, by settlement of his

14   claims.

15

### FORTY FOURTH AFFIRMATIVE DEFENSE

16

17

18      Plaintiff's claims fail, in whole or in part, because of improper claim

19   splitting.

20

### FORTY-FIFTH AFFIRMATIVE DEFENSE

21

22

23      Damages for losses claimed by Plaintiff are limited by the California

24   Medical Injury Compensation Reform Act ("MICRA") including but not limited to

25   California Code Sections 3333.1 and 3333.2, or other similar applicable statutes

26   placing a cap on liability.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent laws within his own country provide for financial compensation or assistance for Plaintiff's alleged injuries.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief, on their face and as applied, violate the Excessive Fines Clause of the United States Constitution, and/or the applicable Constitution or equivalent legal document of any state or foreign nation whose laws might be deemed controlling in this case.

### FORTY-NINTH AFFIRMATIVE DEFENSE

While denying that Baxter International ever processed factor concentrate and stating that it could not have caused or contributed to the injuries and damages alleged in the Complaint, Baxter International avers that Plaintiff was warned or otherwise made aware of the alleged risks and further, that any such risks, to the extent they existed, were not beyond those which would have been contemplated by an ordinary user. Plaintiff, therefore, is barred from any recovery on the claims asserted.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSLA-15603056.3-GHEYMAN-999995-20001
DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the law of the jurisdictions in which he resides and are, as such, barred in this Court by principles of comity.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other Defendants and not pleaded by Baxter International are hereby incorporated herein to the extent they do not conflict with Baxter International's affirmative defenses.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Baxter International hereby gives notice that it intends to plead any affirmative defenses available to Baxter International under the law of the country where Plaintiff resides and hereby reserves the right to amend its Answer to assert such defenses.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Baxter International hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert such defenses.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may fail due to lack of jurisdiction.

DOCSLA-15603056.3-GHEYMAN-999995-20001

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### SIXTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are improperly joined and should be dismissed.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims involve or relate to witnesses and/or other evidence (documentary or otherwise) which lies beyond the subpoena power of this court, Plaintiff's claims and any award or judgment resulting from proceedings in this country constitute an unconstitutional violation of Defendants' rights to due process.

WHEREFORE, Baxter International having fully answered, requests that this Court enter a judgment in its favor and against Plaintiff, and award Baxter International its costs and expenses, including attorneys' fees in this matter, and grant such other relief as the Court may deem just and proper.

DATED: Aug 22, 2007

REED SMITH LLP

By: _____
Marilyn A. Moberg
Ginger Heyman Pigott
Attorneys for Defendant
Baxter International

DOCSLA-15603056.3-GHEYMAN-999995-20001

DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES, CASE NO. C 07 3760-MEJ

1

## PROOF OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. I am employed in the office of a member of the bar of this court at
3      whose direction the service was made. My business address is REED SMITH LLP, 355 South
Grand Avenue, Suite 2900, Los Angeles, CA 90071. On August 22, 2007, I served the following
4      document(s) by the method indicated below:

5

6      **DEFENDANT BAXTER INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES**

7      ☐   by transmitting via facsimile on this date from fax number 213.457.8080 the document(s)
listed above to the fax number(s) set forth below. The transmission was completed
8           before 5:00 p.m. and was reported complete and without error. The transmission report,
which is attached to this proof of service, was properly issued by the transmitting fax
9           machine. Service by fax was made by agreement of the parties, confirmed in writing.

10     ☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
11          I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing. Under that practice, it would be deposited with the U.S.
12          Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business. I am aware that on motion of the party served, service is presumed invalid if
13          the postal cancellation date or postage meter date is more than one day after the date of
deposit for mailing in this Declaration.
14

15     ☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed
16          proof of service by the process server or delivery service will be filed shortly.

17     ☐   by personally delivering the document(s) listed above to the person(s) at the address(es)
set forth below.
18

19     ☒   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date
20          of consignment to the address(es) set forth below. A copy of the consignment slip is
attached to this proof of service.

21

## SEE ATTACHED SERVICE LIST

22     I declare under penalty of perjury under the laws of the United States that the above is true
and correct. Executed on August 22, 2007, at Los Angeles, California.
23

24

25                                                      Yolanda Rodriguez

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

**SERVICE LIST**

| | |
|---|---|
| Juliano Magnonn Bersani<br>Rua Thomaz Otto #128<br>Pilarzinho, Curitiba<br>Brazil<br>CEP 82100520<br>Telephone: 41-963-50692 | *Plaintiff* |
| Nick Diamond, Esq.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery Street<br>30th Floor<br>San Francisco, CA 94111-3339 | |
| Lindley J. Brenza, Esq.<br>Kaspar J. Stoffelmayr, Esq.<br>Bartlit, Beck, Herman, Palenchar & Scott<br>1899 Wynkoop Street<br>8th Floor<br>Denver, CO 80202 | |
| Geoffrey R. W. Smith, Esq.<br>Geoffrey Smith, PLLC<br>1350 I Street, N.W.<br>Suite 900<br>Washington, DC 20005 | |
| Tamar B. Kelbar, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | |
| Sheldon J. Schlesinger, Esq.<br>John Uustal, Esq.<br>Sheldon J. Schlesinger, P.A.<br>1212 Southeast Third Avenue<br>Fort Lauderdale, FL 33316 | |
| Kevin Stack, Esq.<br>Knapp, Petersen & Clarke<br>500 North Brand Boulevard<br>20th Floor<br>Glendale, CA 91203 | |
| Duncan Barr, Esq.<br>O'Connor, Cohn, Dillon & Barr<br>2405 16th Street<br>San Francisco, CA 94103-4210 | |