Geoffrey R. W. Smith
GEOFFREY SMITH, PLLC
1350 I Street NW Suite 900
Washington, District of Columbia 20005
Telephone: (202) 625-1224
Facsimile:  (202) 333-1637

Attorneys for Defendant
BAYER CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANO MAGNONN BERSANI, a citizen of Brazil,<br><br>                              Plaintiff,<br><br>    v.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California Corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; BAXTER INTERNATIONAL, INC., a Delaware corporation, successor to IMMUNO-U.S., INC., a Michigan Corporation; BAXTER WORLD TRADE CORPORATION, a Delaware corporation; ARMOUR PHARMACEUTICAL COMPANY, INC., a Delaware corporation; AVENTIS INC., a Pennsylvania corporation; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>                              Defendants. | CASE NO.: C 07-3760-MHP<br><br> **E-FILED** <br>**NOTICE OF MOTION AND DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING AND MOTION FOR ENLARGEMENT OF PRETRIAL DEADLINES AND INCORPORATED MEMORANDUM OF LAW**<br><br>Date:  October 15, 2007<br>Time:  2:00 PM<br>Courtroom: 15 |

        PLEASE TAKE NOTICE that on October 15, 2007, at 2:00 PM, or as soon thereafter as counsel can be heard, defendant Bayer Corporation ("Bayer") will move the Court, at Courtroom 15, 18th Floor, of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for an order to stay pretrial proceedings in this Court pending

transfer of this action by the Judicial Panel on Multidistrict Litigation ("the Panel"), pursuant to 28 U.S.C. § 1407, to MDL-986, currently pending before The Honorable John F. Grady in the Northern District of Illinois.  *See In re* "Factor VIII or IX Concentrates Blood Products" Liability Litigation, MDL No. 986, 853 F. Supp. 454 (J.P.M.L. 1993).

Plaintiff in this case is a citizen of Brazil, proceeding pro se, and alleges that he became infected with HCV as a result of using defendants' factor concentrates to treat his hemophilia. Compl. ¶ 13.

On August 6, 2007, Bayer filed a "tag-along" notice with the Panel, a copy of which is attached hereto as Exhibit A.  On August 14, the Panel issued a Condition Transfer Order ("CTO-101") to transfer the instant action to MDL-986 in the Northern District of Illinois.   A copy is attached as Exhibit B.

## MEMORANDUM OF LAW

This Court retains jurisdiction until a Panel transfer order is filed in the transferee district court.  However, a stay of proceedings in this Court is warranted pending transfer.  Simply put, permitting pretrial matters to continue, pending the virtually certain transfer of this case to MDL-986, would invite the very problems consolidation is designed to avoid:  duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial resources.[1]  A stay of pretrial proceedings, by contrast, would facilitate the uniform and efficient resolution of pretrial issues common to this and other factor concentrate cases.  Similar stay orders have been issued by

---

1 The primary purpose of consolidating cases in one court is to conserve judicial resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements.  *See e.g., In re* California Retail Natural Gas & Elec. Antitrust Litig., 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) ("[c]entralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings … ; and conserve the resources of the parties, their counsel, and the judiciary"); *In re* Microsoft Corp. Windows Operating Sys. Antitrust Litig., No. 1332, 2000 U.S. Dist. LEXIS 5559, at *5-6 (J.P.M.L. Apr. 25, 2000) (cases "arise from a common factual core"); *In re* Eastern Airlines, Inc. Flight Attendant Weight Program Litig., 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same).  Indeed, where an MDL transfer will "be for the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," the JPML "shall" make such transfer.  28 U.S.C. § 1407(a) (emphasis added).

this Court in earlier cases prior to transfer to MDL-986.[2]

## MOTION FOR ENLARGEMENT OF ALL PRETRIAL DEADLINES ESTABLISHED BY LOCAL RULE, COURT ORDER OR OTHERWISE

Pursuant to Local Rule 16.2(d), Bayer respectfully moves for an enlargement of the time in which defendants are required to comply as to all pretrial deadlines established by Local Rules 16.2, 16.3, 16.9 and 16.10 of the United States District Court for the Northern District of California, court order, or otherwise, while this Court considers the instant Motion to Stay.

For example, pursuant to Local Rule 16.9, the parties are obligated to meet and confer to prepare a joint report, Case Management Statement, and Proposed Case Management Order. Bayer submits that it would be inefficient for the parties and this Court to expend valuable time and resources in preparing, filing, and reviewing a joint report that is most likely to be supplanted by the MDL process. In addition, because the case will remain in the MDL for an inestimable period of time, it is impossible for Bayer to submit a proposed revised case management schedule to the Court as required by Local Rule 16.2(d)(3).

Accordingly, Bayer asks this Court to enlarge all pretrial deadlines established by Local Rule, Order, or otherwise, pending entry of an order on Bayer's Motion to Stay. In the event this Court denies Bayer's Motion to Stay, Bayer respectfully requests that this Court establish new deadlines for matters such as the meeting of counsel for the defendant and the pro se plaintiff to prepare and file the joint report, Case Management Statement, and Proposed Case Management Order, which deadlines may expire during the pendency of this Motion to Stay.

---

2 *Gullone, et al. v. Bayer Corporation, et al.,* Case No. C-03-2572 PJH, 11/12/03 Order Staying Proceedings; Order Transferring Case to MDL, filed USDC, Northern District of Illinois, 12/15/2003; *Miller v. Bayer Corporation, et al.,* Case No. C-06-2542 MJJ, Order Staying Proceedings filed 05/09/200; *Davis v. Bayer Corporation, et al.,* Case No. C-06-01139 CW, Order Staying Proceedings filed 03/09/2006; *Bankston v. Bayer Corporation, et al.,* Case No. C-06-0783 SC, Order Staying Proceedings filed 04/03/2006; *Cardwell v. Bayer Corporation, et al.,* Case No. C-06-01138 MJH, Order Staying Proceedings filed 04/17/2006.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COUNSEL

Counsel for Bayer hereby certifies that he has conferred with Plaintiff's counsel regarding this motion as required by Local Rule 16.3 of the United States District Court for the Northern District of California and Plaintiff's counsel claims to lack authority to consent to the entry of the proposed order.

This case was originally filed as a pro se matter. Plaintiff resides in Brazil and counsel for defendants are informed by Lead Counsel in MDL-986 that Mr. Bersani speaks no English. There was, therefore, no reasonable way for defendants to "meet and confer" directly with Mr. Bersani on this matter. However, subsequent to the original filing, Kent Klaudt of the firm of Lieff, Cabraser, Heimann & Bernstein (Lead Counsel in MDL-986) electronically filed documents in this case on Mr. Bersani's behalf. Confirmation of one such filing is attached hereto as Exhibit C. Defendants then sought Mr. Klaudt's consent to the stay as evidenced by Exhibit D, hereto. Mr. Klaudt's response is attached hereto as Exhibit E. While Mr. Klaudt claims that he is not Mr. Bersani's counsel, it is the understanding of defense counsel that under General Order 45 Section X Mr. Klaudt's electronic filing of documents in this case on Mr. Bersani's behalf constitutes the entry of Mr. Klaudt's appearance as counsel for Mr. Bersani. In any event, defendants have made all reasonable efforts to avoid burdening this Court with a contested motion; unfortunately without success.

1

## CONCLUSION

2      For all of the foregoing reasons, this Court should stay all pretrial proceedings pending

3  transfer to the MDL court and/or enlarge all pretrial deadlines pending transfer to the MDL court.

4  Dated:  September 18, 2007          Respectfully Submitted,

5                                      **GEOFFREY SMITH, PLLC**

6

7                                      By:    /s/ Geoffrey Smith
                                              Geoffrey Smith
8                                             Attorney for Defendant
                                              BAYER CORPORATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of September, 2007, I caused to be served a true and correct copy of the foregoing document on the following counsel of record pursuant to ECF as to Filing Users and by Federal Express, postage prepaid, pursuant to Local Rule 5.5 as to any party who is not a Filing User or represented by a filing user:

| SERVICE LIST | |
|---|---|
| Elizabeth J. Cabraser, Esq.<br>Robert J. Nelson, Esq.<br>Morris A. Ratner, Esq.<br>Kent Klaudt, Esq.<br>LIEFF, CABRASER, HEIMANN &<br>   BERNSTEIN<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3399 | **LEAD COUNSEL FOR MDL-986<br>PLAINTIFFS**<br><br>Tel:  (415) 956-1000<br>Fax:  (415) 956-1008 |
| Julio Magnonn Bersani<br>Rua Thomaz Otto #128<br>Pilarzinho, Curitiba<br>Brazil<br>CEP 82100520 | **PLAINTIFF**<br>Tel: 41-963-50692 |
| Sara Gourley, Esq.<br>Tamar B. Kelber, Esq.<br>SIDLEY, AUSTIN, BROWN & WOOD<br>One South Dearborn Street<br>Chicago, Illinois  60603 | **COUNSEL FOR ARMOUR<br>PHARMACEUTICAL COMPANY,<br>AVENTIS BEHRING LLC**<br>Tel:  (312) 853-7000<br>Fax:  (312) 853-7036 |
| Rick Berkman, Esq.<br>DECHERT LLP<br>Cira Center<br>2929 Arch Street<br>Philadelphia, PA 19104-2857 | **COUNSEL FOR BAXTER<br>HEALTHCARE CORPORATION**<br>Tel:  (215) 994-4000<br>Fax: (215) 655-2684<br>Other fax: 994-2222 |
| Kevin J. Stack, Esq.<br>KNAPP PETERSEN & CLARKE<br>500 North Brand Blvd., 20th Floor<br>Glendale, California  91203-1904 | **COUNSEL FOR ALPHA<br>THERAPEUTIC CORPORATION**<br>Tel:  (818) 547-5000<br>Fax:  (818) 547-5329 |

    /s/ Geoffrey Smith
    Geoffrey Smith

**DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**EXHIBIT A**

# GEOFFREY SMITH, PLLC
### ATTORNEYS AT LAW

1350 I Street, Northwest
Suite Nine Hundred
Washington, DC 20005

RECEIVED
CLERK'S OFFICE

2007 AUG -6  A 11: 35

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Katharine S. O'Hara
(202) 789-3457
KatieatGRWSLaw@aol.com

Telephone:    (202) 575- 1224
Facsimile:    (202) 783- 1637

August 6, 2007

<u>VIA HAND DELIVERY</u>

Michael J. Beck
Clerk of the Panel
The Judicial Panel on Multidistrict Litigation
Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:    <u>Tag-Along Case in MDL-986: In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation</u>

Dear Mr. Beck:

This firm represents Bayer Corporation in MDL-986. The case of <u>Juliano Magnonn Bersani v. Bayer Corp. et al.,</u> has been filed in the United States District Court for the Northern District of California. It is assigned to Judge James under the number C-07-3760.  Copies of the Summons and Complaint are enclosed.

The Complaint in this case alleges, inter alia, that Mr. Bersani, a person with hemophilia, was infected with HCV from his use of the defendants' factor concentrates (a medicine used to treat hemophilia). This claim is brought against, inter alia, Bayer Corporation and several of the same fractionator defendants that are defendants in MDL-986. Many of the allegations in this complaint are similar to the ones made in the cases that led the Panel to establish MDL-986, In re "Factor VIII or IX Concentrate Blood Products" Liability Litigation, 853 F. Supp. 454 (J.P.M.L. 1993), and, more recently, to transfer <u>Gullone v. Bayer Corp.</u>, and other similar cases to MDL-986.

Michael J. Beck
August 6, 2007
Page 2

Bayer Corporation believes that transfer of this case to the Northern District of Illinois "will promote the just and efficient conduct" of this action. 28 U.S.C. § 1470(a). Transfer under § 1407 will also avoid the potential for duplicative discovery and inconsistent rulings on certain legal issues raised by this and other factor concentrate cases now pending in the Northern District of Illinois as part of MDL-986.

For the forgoing reasons, Bayer Corporation believes that this case should be treated as a "tag-along case" in MDL-986 and that a conditional transfer order should be issued. Please advise me as soon as possible if a conditional transfer order will not be issued in this matter; so that defendants can promptly file a motion to have this case transferred to MDL-986.

Sincerely,

Katharine S. O'Hara

KSO/ps
Enclosure(s)

**DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**EXHIBIT B**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888
http://www.jpml.uscourts.gov

August 14, 2007

TO INVOLVED COUNSEL

Re:  MDL-986 -- IN RE "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation

(See Attached CTO-101)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter.  This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action.  These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:  August 29, 2007   (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Mecca S. Thompson
Mecca S. Thompson
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2007

FILED
CLERK'S OFFICE.

# UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL NO. 986

### IN RE "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation

*Juliano Magnonn Bersani v. Bayer Corp., et al.,* **N.D. California, C.A. No. 3:07-3760**

### CONDITIONAL TRANSFER ORDER (CTO-101)

On December 7, 1993, the Panel transferred 27 civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 853 F.Supp. 454 (J.P.M.L. 1993). Since that time, 261 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable John F. Grady.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Grady.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 7, 1993, and, with the consent of that court, assigned to the Honorable John F. Grady.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## INVOLVED COUNSEL LIST (CTO-101)
## MDL NO. 986
## IN RE "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation

Richard L. Berkman
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808

Juliano Magnonn Bersani
Rua Thomaz Otto #128
Pilarzinho, Curitiba
Brazil CEP 82100520
Brazil

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco, CA 94111-3339

Sara J. Gourley
Sidley Austin, LLP
One South Dearborn Street
Bank One Plaza
Chicago, IL 60603

Geoffrey R.W. Smith
Geoffrey R.W. Smith Law Offices
1350 I Street, N.W.
Suite 900
Washington, DC 20005

Kevin Stack
Knapp, Peterson & Clarke
500 North Brand Boulevard
20th Floor
Glendale, CA 91203-1904

John J. Uustal
Kelley Uustal
700 S.E. 3rd Avenue
Suite 300
Ft. Lauderdale, FL 33316

**DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL
PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**EXHIBIT C**

Subj:      **Activity in Case 3:07-cv-03760-MHP Bersani v. Bayer Corporation et al Summons Returned Executed**
Date:      9/12/2007 2:21:39 PM Eastern Daylight Time
From:      ECF-CAND@cand.uscourts.gov
To:        efiling@cand.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Klaudt, Kent entered on 9/12/2007 11:20 AM and filed on 9/12/2007
**Case Name:**         Bersani v. Bayer Corporation et al
**Case Number:**       3:07-cv-3760
**Filer:**             Juliano Magnonn Bersani
**Document Number:** 21

**Docket Text:**
SUMMONS Returned Executed by Juliano Magnonn Bersani. Bayer Corporation served on 8/2/2007, answer due 8/22/2007. (Klaudt, Kent) (Filed on 9/12/2007)

**3:07-cv-3760 Notice has been electronically mailed to:**

Duncan (James) Barr    dbarr@ocdb.com, efiling@ocdb.com

Kent L. Klaudt    kklaudt@lchb.com

Ginger Florence Heyman Pigott    gheyman@reedsmith.com, yrodriguez@reedsmith.com

Geoffrey Richard Wagner Smith    GRWSlawyer@aol.com

Kevin James Stack , Esq    kjs@kpclegal.com

**3:07-cv-3760 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**P:\LCHBSF\efilings\2645-0196\2007.09.12\Bersani-BayerPOS.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/12/2007] [FileNumber=3742197-0]
[874f6ef061dc31387e420df18cdd6d36d80a73fa8cbc51465f909409942d4d13e16c1
5bae8f5847b6ace9b09f3d35dfbe3559b43bc392a01a8207fe2ea26e117]]

Monday, September 17, 2007 America Online: GRWSLawyer

**DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL
PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**EXHIBIT D**

# GEOFFREY SMITH, PLLC

### ATTORNEYS AT LAW

1350 I Street, Northwest
Suite Nine Hundred
Washington, DC 20005

Geoffrey R.W. Smith
(202) 589-2010
GRWSLawyer@aol.com

Telephone:     (202) 625-1224
Facsimile:     (202) 333-1637

September 16, 2007

VIA FAX, E-MAIL AND U.S. MAIL

Kent L. Klaudt
Lieff, Cabraser, Heimann & Bernstein
275 Battery Street, 30th Floor
San Francisco, CA 94111-3399

Re: <u>Bersani</u>: Motion to Stay Proceedings in Northern District
of California

Dear Kent:

I left two voice messages for you Friday, but since I will be going overseas
tomorrow night for the rest of next week, you too may be traveling and so it may be
difficult for us to talk after tomorrow, I wanted to write you regarding <u>Bersani</u> before I
left.

As you know, this case was originally filed as a pro se matter by a plaintiff from
Brazil. I understand you have met Mr. Bersani and have previously told one of my
colleagues that he does not speak English. None of the defense counsel speak
Portuguese.

This case is in the process of being transferred to MDL-986. Because there was
no reasonable way to ask Mr. Bersani to consent to an extension of the time to answer,
the defendants have done so.

Since then, we have be struggling with how to deal with the other upcoming
deadlines in the Northern District of California. Again, there was no reasonable way to
obtain Mr. Bersani's consent to the usual stay or to "meet and confer" with him on that
issue as ordinarily required under local rules. I was, therefore, very pleased last week

Klaudt
September 16, 2007
Page 2

when I saw that you had entered an appearance for Mr. Bersani and electronically filed the Bayer Return of Summons, etc.

Enclosed is a draft motion and proposed order seeking the "standard" stay of proceedings in the Northern District of California to which Lieff, Cabraser has previously consented in other cases being transferred to the MDL. If you could please confirm by e-mail that Mr. Bersani has no objections, we will file this with the court.

Sincerely,

Geoffrey R.W. Smith

GRWS/ps

cc:     (via e-mail)

        Elizabeth Cabraser
        Steve Feinman
        Nicholas Diamand
        Tamar B. Kelber
        Kevin J. Stack
        Richard Berkman
        David Walk
        Lindley Brenza
        Kaspar J. Stoffelmayr

**DEFENDANT BAYER CORPORATION'S MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING**

**EXHIBIT E**

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
WASHINGTON, D.C.
BEVERLY HILLS
NASHVILLE

September 17, 2007

**BY E-MAIL AND U.S. MAIL**

Geoffrey R. W. Smith
1350 I Street, NW, Suite 900
Washington, DC 20005

Re:    *In Re Factor VIII or IX Concentrate Blood Products Litigation:*
       Bersani:  Motion to Stay Proceedings in Northern District of CA
       MDL No. 986 (JFG), No. 1:93cv7452

Dear Geoff:

   I have your September 16, 2007 letter regarding the Brasilian pro se plaintiff Juliano Bersani.  Lieff, Cabraser, Heimann & Bernstein, LLP does not represent Mr. Bersani.

   As I explained to defendant Alpha's counsel Kevin Stack several weeks ago, we assisted Mr. Bersani in filing his civil complaint due to an imminent SOL, but we are not his counsel in this action.  As you also know, we assisted him in serving the summonses and complaint in his action.

   Per his request, I gave Mr. Stack on August 27, 2007 the last known address and phone number for Mr. Bersani, in an effort to facilitate your communication with him.

   In light of the above, we do not have the authority to agree to the "standard" stay of proceedings in the Northern District of California referenced in your letter, or any other arrangement.  Please do not hesitate to contact me if you have any questions or concerns regarding this letter.

                                    Very truly yours,

                                    Kent L. Klaudt

cc:    Steve Fineman
728862.1